# Fisher *against* Herbell.

"It is my will that all the residue of my estate, real and personal, I give and bequeath unto my wife during her natural life, to do and dispose of as she may think best," vests only a life estate in the wife.

The following case was stated for the opinion of the court at *Nisi Prius*, and argued in February 1844 before Mr Justice KENNEDY, in which Catharine Fisher was plaintiff, and Casper Herbell and David Emerick, executors of Anna Quick, deceased, defendants.

John Quick died seised in fee of the real estate in question, having made his will, dated 19th December 1838 and since duly proved, wherein *inter alia* he devised the same as follows: "It is my will that all the residue of my estate, real and personal, I give and bequeath unto my beloved wife Anna Quick, during her natural life, to do and dispose of as she may think best." Afterwards the said Anna Quick died, having first made her will duly proved, wherein she devised the said real estate. The said wills form part of this case. The said plaintiff is one of the three children of said John Quick and Anna Quick, and the widow of Philip Fisher, deceased, who died after said Anna and John Quick, and by whom she has issue.

If the court should be of opinion that the said Anna Quick could not lawfully devise the same in fee, then judgment be entered for the plaintiff for her undivided share, according to the intestate laws of Pennsylvania; otherwise for the defendants, with costs.

[Fisher v. Herbell.]

*Hirst*, for the plaintiff. The clause in question vested only a life estate in Anna Quick. The courts have always favoured heirs and construed devises strictly to prevent their being disinherited. *French* v. *M'Ilhenny*, (2 *Binn.* 19). The will upon its face gives but an estate "during her natural life," and limits the time "to do and dispose of as she may think best" within that period, excluding the idea of her disposing of it by will, which could only take effect after her death. Those words only protect her life estate against impeachment of waste. The same words or their equivalent have been held to give only a life estate. *Busby* v. *Busby*, (1 *Dall.* 226); *Wright* v. *Denn*, (10 *Wheat.* 204).

*St. George Campbell*, for the defendants, contended that it was either a devise of the fee, as it showed the intent of the testator to pass his whole interest, and gave a general power of disposal; *Morrison* v. *Semple*, (6 *Binn.* 98); *Morris* v. *Phaler*, (1 *Watts* 389) ; *Doughty* v. *Browne*, (4 *Yeates* 179); *Dice* v. *Sheffer*, (3 *Watts & Serg.* 419); *Herbert* v. *Thomas*, (30 *E. C. L.* 48); or it was a devise for life with a testamentary power of appointment. *Anon.* (3 *Leon.* 71, *pl.* 108); *Noy* 80; *Tomlinson* v. *Dighton*, (1 *P. Wms.* 149); *Thorley* v. *Thorley*, (10 *East* 438); *Walker* v. *Quigg*, (6 *Watts* 87).

The opinion of the Court was delivered by

KENNEDY, J.—The only question raised in this case is whether Anna Quick took a fee or a life estate only in the residuary real estate of her husband John Quick, under a devise in his last will expressed in the following terms: "It is my will that all the residue of my estate, real and personal, I give and bequeath unto my beloved wife Anna Quick during her natural life, to do and dispose of as she may think best." Doubtless the words "residue of my real estate," or the words in the conclusion of the devise "to do and dispose of as she may think best," would be amply sufficient to show that the testator intended to invest his wife with the fee-simple estate, or at least with all the estate he had himself, were there not other words in the devise restraining and limiting this enlarged meaning of the two recited clauses, and showing most clearly and distinctly that the testator at most only intended to give an estate to his wife for and *during her natural life.* This last clause here alluded to, "during her natural life," which limits the estate given expressly to the natural life of the devisee, shows clearly that the words "residue of my real estate" were used merely to designate the nature of the property, or object rather, intended to be passed, and not the quantum of estate therein; and likewise that the words "to do and dispose of as she may think best" could only have been used to show that she should have the right to use the property thereby willed to her in such manner

[Fisher v. Herbell.]

during her natural life as she might think best, without being liable for the commission of waste to any one. Thus full force and efficacy are given, not only to every clause, but to every word in the devise, without which it may frequently be doubtful whether the intention of the testator is fulfilled; but this would not be the case, were it to be held that Anna Quick took a fee-simple estate under the devise. This latter construction cannot be given to it without rejecting the words " during her natural life" altogether, or otherwise giving to them a forced and unnatural meaning by construing the devise as giving to her an estate for life, with a power to appoint by will or otherwise to whom it should go after her death. If this latter had been the wish of the testator, he would most probably have used language more appropriate to express it than he has done. We are satisfied, however, from the terms of the devise that the testator intended to give his wife only a life estate; that he never intended to give her a power to make any disposition of it that should endure beyond her life, or that should take place after her death. Nothing, therefore, passed by her will to the defendants, and judgment must be entered for the plaintiff.

Judgment for plaintiff.