# Forsythe *versus* Forsythe.

1. A testator by his will provided as follows: "I will and bequeath to my beloved wife, Mary, all my property real and personal, including the house and lot of ground that I now reside on, during her natural life, with power to dispose of the same as she may think best." The widow afterwards devised the house and lot to her daughter who took possession thereof. In an action of ejectment by the widow's other children against said daughter:

   *Held* that testator's will gave his widow a life estate in said premises with the power of absolute disposal of the property by will or otherwise; and that under the widow's will her daughter took a fee.

2. Fisher *v.* Harbell, (Supreme Court at *Nisi Prius*) 7 W. & S. 63, distinguished.

   *Quære* whether the decision in that case would be followed by the Supreme Court, if the same question came before them on the same facts.

[Forsythe *v.* Forsythe.]

November 11th, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. PAXSON, J., absent.

ERROR to the Court of Common Pleas No. 2 of *Allegheny county :* Of October and November Term, 1884, No. 216.

Ejectment, by William Forsythe, James Forsythe and Peter Forsythe against Margaret Forsythe, to recover possession of a certain house and lot in the city of Pittsburgh.

The case stated agreed upon by the parties was as follows : That Hugh Forsythe died seised of the premises in question, and left surviving him a widow, Mary Forsythe and the following children, William, James, Peter and John Forsythe, Nancy, since married to Samuel Coon, and Margaret Forsythe. William, James and Peter being plaintiffs in this suit and Margaret defendant. That prior to his death Hugh Forsythe made a will which after directing the payment of his debts and funeral expenses provided as follows :

" I will and bequeath to my beloved wife, Mary, all my property real and personal, including the house and lot of ground that I now reside on, during her natural life, with power to dispose of the same as she may think best, and I do hereby make and ordain my beloved wife Mary, executrix, of this my last will and Testament."

That the house and lot mentioned in said will comprise the premises sought to be recovered herein.

That Mary Forsythe, widow of said Hugh Forsythe, survived her husband several years, during which time she occupied and held the real estate hereinbefore described.

That some time prior to her death the said Mary Forsythe made a will, by which she provided :

" Second. After the payment of all my just debts, I give and bequeath unto my daughter Margaret Forsythe, all my effects consisting of a lot fronting sixty (60) feet on Penn avenue, in Twentieth Ward, Pittsburgh, running back two hundred (200) feet to Marietta street, with improvements thereon ; all household furniture, and money in First National Bank of Pittsburgh."

That the lot mentioned in this will is the same lot in controversy, and testatrix owned no other.

That the said Margaret Forsythe has, since the death of said Mary Forsythe, held and possessed the said real estate hereinbefore described to the exclusion of plaintiffs, claiming title to the same under the will of the said Mary Forsythe, and also of the said Hugh Forsythe. That all of the heirs and children of the said Hugh Forsythe hereinbefore named are still living.

Should the court be of opinion under the above state of

facts that the plaintiffs are entitled to recover, then judgment to be entered for the plaintiffs for the undivided three-sixths ($\frac{3}{6}$) of said real estate, with costs of suit. But should the court be of opinion that plaintiffs are not entitled to recover, then judgment to be entered for the defendant with costs. Each party reserves the right to sue out a writ of error herein.

After argument the court entered judgment for the defendant, whereupon the plaintiffs took this writ of error, assigning for error the entry of said judgment.

*D. W. Elder* (with whom was *T. H. Davis*), for plaintiffs in error.—Mary Forsythe, the widow, took only a life estate under the will of her husband. France's Estate, 25 P. F. S. 221. And the words of said will, " with power to dispose of the same as she may think best," were intended to apply only to her power over the estate during her life, to wit: exemption from liability to forfeiture for waste: Langham *v.* Sanford, 2 Mer. 22. Fisher *v.* Herbell, 7 W. & S. 63, squarely rules the present case. Any other construction would disinherit the other children, which cannot be done without a plain direction of the will to that effect, or a clear implication therefrom : Bender *v.* Dietrick, 7 W. & S. 287.

*Thos. C. Lazear,* for defendant in error.—Under the will of Hugh Forsythe his widow took a life estate, with a testamentary power of disposition, which by implication enlarged her estate to a fee: May *v.* Joynes, 20 Gratt. 692; Reynolds *v.* Lee, 12 Reporter 702; Macdonald *v.* Walgrove, 1 Sand. Ch. 274; McLean *v.* McDonald, 2 Barb. 534; Benkert *v.* Jacoby, 36 Iowa 273. The power of disposal given by said will was well executed in the testamentary gift of the widow to the defendant in error: Keefer *v.* Schwartz, 47 Pa. St. 503 ; Smith *v.* Fulkinson, 25 Pa. St. 109; Pepper's Will, 1 Parson's Eq. Cas. 436.

Fisher *v.* Herbell, supra, is clearly distinguishable from the present case both in the subject of the devise (which was of " the residue ") and in the words employed as to the power of disposal.

Mr. Justice GREEN delivered the opinion of the court January 5th, 1885.

We think the interpretation given to the will in question in this case, by the learned court below, is correct. It is conceded that the intention of the testator must govern it if it can be discovered in the words employed. To us it seems clear that Hugh Forsythe, the testator, intended to give to his widow a life estate in all his property, with a power of abso-

lute disposal in any manner she might think best. Disposal of what? The learned counsel for the plaintiffs in error say, the life estate. But the words of the will say, " with power to dispose of the same," and the antecedent of the words " the same," is " all my property real and personal, including the house and lot of ground that I now reside on." By these words read in their plain and common sense meaning, the power of disposal relates to the property *in specie*, and not to a mere interest in it, and we can not read the will in any other way without doing violence to its express words, and the manifest intent of the testator. If the testator had said that his widow should have power to dispose of the property " by will," it could hardly be contended that he did not mean that a disposition to become effective after her death was intended. But a general power to dispose of the property " as she may think best," is unlimited as to the mode and therefore includes any kind of disposition. Moreover the word "dispose," is especially apt to convey the idea of a gift by will. But besides this it is clear that the testator was disposing of his entire estate when he made his will. He says so in words. He names no other devisee or legatee, possible or contingent, than his wife, in any part of his will. He does not give her a residue, after other objects of his bounty are provided for, as was the case in Fisher *v.* Herbell, 7 W. & S. 63, but he gives her everything, his whole estate, after payment of debts, during her life, and also the power to dispose of it all as she might think best. She exercises this power. She enjoys the estate in its entirety during her life, and she " disposes " of it by will in favor of the defendant.

The plaintiffs are in no manner named in the will as the actual or possible objects of the testator's bounty in any contingency. Yet we are asked to hold that they take an estate by virtue of this will, and against a disposition to the contrary which was authorized by its terms. There is no technical rule of law which requires us to do this, and we are not willing to do it in the face of what we believe to be a clearly expressed opposite intention. In Fisher *v.* Herbell the decision was based upon what was regarded as a sufficiently expressed intention of the testator that the power of disposition was limited to the life estate of the widow. The will was therefore construed according to the intent of the testator. The case was only heard at *Nisi Prius* and did not come into this court in banc. Whether it would be followed now if the same question arose upon the same facts may perhaps be doubted, but as the terms of the devise in the case we are considering are in several respects different from those of the will construed in that case, we can reach a different conclusion

without determining its authority. A technical *power* of disposal, of the very substance of the testator's estate, without any limitation as to the manner or kind of disposal, is given, and there are no other words in the will which indicate an intent to restrain the act of disposition so as to be effective during the life of the widow. In these circumstances we are not disposed to declare a meaning to the will which we think was not the meaning of the testator.

Judgment affirmed.