# APPEAL OF DR. FRANKLIN HINKLE.

## APPEAL FROM THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 16, 1887—Decided June 1, 1887.

1. Where under a will there is given an express estate for life with a devise over, the estate given is not enlarged to a fee, either by charges upon it or by a power of sale.

2. A release by a life-tenant of a fund to those having the remainder, entitles them to receive the interest, but not to demand the principal until the death of the life-tenant.

Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ.; PAXSON and STERRETT, JJ., absent.

No. 109 July Term 1886, Sup. Ct.

Statement of Facts.

This cause was an appeal by Dr. Franklin Hinkle, from the decree of the court below upon exceptions filed to the report of an auditor in the matter of the estate of John M. Whitehill, deceased, and directing the said Dr. Franklin Hinkle to give security for the use of Frank Whitehill Hinkle and others.

John M. Whitehill died in 1866. By his will, dated Feb. 22, 1866, he directed that his estate should be divided into three equal shares. One share he gave to his daughter Jane Redsecker. One half of one other share he gave to his son James C. Whitehill; the other half of this share (1) he directed to be retained by his executor during the life of James C. Whitehill, the interest to be paid to him during his life, and after his death the principal to be paid to his children. The other third or share (2) he directed to be retained by his executor during the life of his daughter Anna M. Hinkle, wife of Dr. Franklin Hinkle, the interest to be paid to her during her life, the principal at her death to be paid to such person or persons and in such manner as by her last will and testament she should limit and appoint to receive the same, and in case of failure of such appointment, to any child or children whom she might leave; and in case she left no children and did not exercise the power of appointment, this share to be distributed as he had directed for the first two shares.

By the report of the auditor in the estate of John M. White-hill, made in the year 1869, it appeared that James C. Whitehill had conveyed all his interest in his father's estate to Anna M. Hinkle; and the sum of $2,735.59 was directed to be re-tained by the executor as the half of the share or third, the interest of which by the will was to be paid to J. C. Whitehill during his life, the interest on this fund to be paid to Anna M. Hinkle during the life of J. C. Whitehill; and $5,450.20, another share or third, was set apart to be retained by the ex-ecutor for the use of Anna M. Hinkle, as directed by the will.

A. N. Cassel, the executor of the will, resigned and C. E. Graybill was appointed trustee in his place.

Anna M. Hinkle died on November 24, 1884, without leaving any issue, but leaving to survive her a husband, Dr. Franklin Hinkle. She made a will dated April 9, 1881, the material portions of which are as follows:

*Item.* I give, devise and bequeath to my brother, James C.

Whitehill, M. D., all his share and interest in the estate of our deceased father as devised to him by our said father and not already received, and by him transferred and assigned to me, to have and to hold the same or the interest, income and increase thereof during his life, subject however to the payment of a premium on a life insurance policy on his life to the amount of three thousand ($3,000) in the Mutual Life Insurance Company of New York, which I now hold as trustee for the benefit of his three children (Lizzie, now Mrs. Stranahan, Anna Whitehill and Frank Whitehill Hinkle) at his death, and also first subject to the repayment to my estate of such sum or sums of money as I may have overpaid as premiums on said life insurance policy more than I have received, as interest on the said share of my brother, the said Dr. James C. Whitehill. After the decease of my said brother, I give, devise and bequeath the said share of the said estate of my father, transferred to me by my said brother, the said Dr. James C. Whitehill, to his said three children, viz.: Lizzie, now Mrs. Stranahan, Anna Whitehill, and Frank Whitehill Hinkle.

*Item.* . . . . .

*Item.* All the rest, residue and remainder of my estate, whether real, personal or mixed, of which I shall die possessed, or to which I shall be entitled at my decease and over which I have any power of control or disposition under the will of my deceased father or otherwise, I give, devise and bequeath to my beloved husband, Franklin Hinkle, M. D., to have and to hold the said estate with the rents, issues and profits thereof during his life, for his own use and profit and enjoyment as he may see fit, giving my said husband full power to sell or dispose of the same during his life as he may desire, hereby giving him full power to convey the same or any part thereof, and make good and sufficient title and conveyances therefor during his life. He first to give our said adopted son, Frank Whitehill Hinkle, means to start in professional business, as he, my said husband, may think proper. And subject also to the payment to our said adopted son, Frank Whitehill Hinkle, of the sum of one hundred dollars each year until such time as our said adopted son shall be in business and able to support himself. And subject also to the payment to Anna Whitehill, of the sum of fifty dollars each and every year, so long as said

Anna Whitehill, my niece, shall be and remain single and unmarried, the said payment to cease immediately upon the marriage of my said niece.

*Item.* All my estate, whether real, personal or mixed, remaining after the death of my said husband, I give, devise and bequeath to my nephew and adopted son, said Frank Whitehill Hinkle, his heirs and assigns forever, subject, however, to the payment to my said niece, Anna Whitehill, of the sum of one thousand dollars. And also subject to the payment to each of my nieces, Anna Mary Redsecker, and Belle Redsecker, of the sum of five hundred dollars.

And, lastly, I do make, constitute and appoint my beloved husband, Franklin Hinkle, M. D., to be the executor of this, my last will and testament. . . . . .

After Mrs. Hinkle's death, C. E. Graybill filed his account, showing a balance in his hands of $7,554.49, of which he set forth that the sum of $5,407.43 represented the share of John M. Whitehill's estate set apart for the use of Anna M. Hinkle, and that $2,147.06 represented the half of a share to be invested during the lifetime of J. C. Whitehill. This latter sum had been reduced by the payment of $500 to Franklin Whitehill Hinkle, one of the children of J. C. Whitehill, in 1884, by the consent of all parties concerned.

To this account exceptions were filed, involving the commissions charged by the trustee, and the division of the fund in his hands between the trusts above set forth (1), (2); and *Mr. Wm. Augustus Atlee* was appointed auditor to pass upon the exceptions and report a distribution.

The auditor re-adjusted the account, and found a sum for distribution of $7,741.07, which he distributed as follows: To Dr. Franklin Hinkle, interest due at Mrs. Anna M. Hinkle's death, $395.73, and as legatee of Mrs. Hinkle, $5,208.78; to children of James C. Whitehill, $2,136.56; to Lizzie Stranahan, $878.85; to Anna Whitehill, $878.85, and to Franklin Whitehill Hinkle, $378.86.

To this report James C. Whitehill, Franklin Whitehill Hinkle, Anna Whitehill and Lizzie Stranahan excepted:

6. As the legacy to Dr. Franklin Hinkle under the will of Anna M. Hinkle is for life, and at his death to others, he

should be required to give security as provided·by § 49 of the act of February 24, 1834, P. L. 82.[3]

To the same report Dr. Franklin Hinkle excepted:

2. The auditor erred in awarding any money to Lizzie Stranahan, Anna Whitehill and Franklin Whitehill Hinkle.[1]

3. The auditor erred in awarding $878.85 to Lizzie Stranahan, in awarding $878.85 to Anna Whitehill and $378.86 to Franklin Whitehill Hinkle.[2]

On argument of the exceptions the court, D. W. PATTERSON, J., filed the following opinion and decree:

We have read the report of the auditor, and in view of the circumstances of this fund, and the facts as shown by the testimony, we are of the opinion that in the main the conclusions of the learned auditor are correct.

The limitation of the bequest to Dr. F. Hinkle, by the will of his wife, Anna M. Hinkle, leads us to qualify the awarding of the legacy to the legatee. The 6th exception we must sustain. Said exception is: "As the legacy to Dr. F. Hinkle under the will of Anna M. Hinkle is for life, and at his death to others, he should be required to give security, as required by sec. 49 of the act of February 24, 1834, P. L. 82." That section of said act provides that "Whenever personal property is bequeathed to any person for life, or for a term of years, or for any other limited period, or upon a condition or contingency, the executor of such will shall not be compelled to pay or deliver the property so bequeathed to the person so entitled, until security be given, in the Orphans' Court having jurisdiction of his accounts, in such sum and form as, in the judgment of such court, shall sufficiently secure the interest of the person entitled in remainder, whenever the same shall accrue or vest in possession." The act of 17th May, 1871, P. L. 269, also requires the executor or administrator, or trustee or trustees, to deliver such property to the life tenant, upon the entry of satisfactory security by the latter.

The award of $5,208.78 legacy to Dr. F. Hinkle will be retained by the trustee until security be given in the Orphans' Court by Dr. F. Hinkle, in such sum and form as in the judgment of said court will sufficiently secure the interests of the person or persons entitled in remainder.

The first, second, third, fourth, fifth and seventh exceptions filed by the four persons above named are dismissed.

We can see no error, as alleged in the three exceptions filed for Dr. F. Hinkle, and they are therefore not sustained.

The exceptions filed are all dismissed, except the sixth, which is sustained; and it is ordered that the trustee, C. E. Graybill, retain the legacy awarded to Dr. F. Hinkle until he gives security in the Orphans' Court, to be approved by said court, in the sum of ten thousand four hundred dollars ($10,400), to the commonwealth of Penn'a for the use of the several persons in remainder [naming them], and with change so made the auditor's report is absolutely confirmed.[4]

Whereupon Dr. Franklin Hinkle took this appeal and assigned for error:

1. The dismissal of appellant's exception.[1]

2. The dismissal of appellant's exception.[2]

3. The sustaining of appellee's exception.[3]

4. The making of the decree.[4]

5. The not ordering the payment of the legacy of $5,208.78 to Dr. Franklin Hinkle without security and without conditions.

*Mr. George Nauman (D. Brainard Case* with him), for the appellant:

By the will of Mrs. Anna M. Hinkle an absolute estate was given to her husband, and the sum of $5,208.78 should have been paid to him unconditionally and without any security.

1. The charge upon the gift to Dr. Hinkle is sufficient to enlarge its character, if the question were doubtful: 3 Jarman, 5th Amer. ed., 23; Harden v. Hayes, 9 Penn. St. 154; Coane v. Parmentier, 10 Idem 72; Fulton v. Moore, 25 Idem 474; Fahrney v. Holsinger, 65 Idem 391; McCullough v. Fenton, Idem 418.

2. In addition to the gift of the income of the fund, which is often held to be a gift of the fund itself (Van Rensselaer v. Dunkin, 24 Penn. St. 252; Parker's App., 61 Idem 478; Sproul's App., 105 Idem 438), there is given an absolute power of disposal, which has always been held to give an absolute estate: 3 Jarman, 5th Amer. ed., 495 n. 3; Idem 34; Forsythe v. Forsythe, 108 Penn. St. 129; Diehl's App., 36 Idem 120; McDonald v. Walgrove, 1 Sandf. Ch. 274; Jackson v. Robins, 16 Johns. 537.

3. The authorities are overwhelming that a gift of a fund or estate, with power of disposal and a gift over of what remains at the death of a first taker, creates a life estate: Pennock's Est., 20 Penn. St. 268; Straub's App., 1 Idem 86; Hambright's App., 2 Gr. 320; Green's App., 42 Penn. St. 25; Jauretche v. Proctor, 48 Idem 466; Second Ref. Presb. Ch. v. Disbrow, 52 Idem 219; Cox. v. Rogers, 77 Penn. St. 160; Paisley's App., 70 Idem, 153; Follweiler's App., 102 Idem 581. A particular intent will always be sacrificed to a general intent: Hitchcock v. Hitchcock, 35 Penn. St. 399.

4. Property given under a power goes as the property of the creator of the power, and a power is to be read as though the name of the donee under it were in the original will; 1 Jarman, 5th Amer. ed., 559; Bingham's App., 64 Penn. St. 345, 2 Sugden Pow. 26; Sewall v. Wilmer, 132 Mass. 136.

5. There was plain error in distributing directly to Lizzie Stranahan, Anna Whitehill and Franklin Whitehill Hinkle. The sums allowed to them constitute the share which was to be retained during the lifetime of J. C. Whitehill, the interest to be paid to him during life and the principal to be paid to his children after his death. The auditor finds that the life interest of J. C. Whitehill in this fund had been assigned to Mrs. Hinkle. The corpus of the fund should have been retained by the trustee, the interest to be paid to Dr. Hinkle as executor of his wife's will, and the excess of this interest, if any, over insurance premium charges against it, paid by him to J. C. Whitehill during his life.

*Mr. H. M. North*, for the appellees:

1. A power of sale attached to an *express* life estate will not enlarge the gift to a fee: Harden v. Hayes, 9 Penn. St. 154; Middleswarth v. Blackmore, 74 Idem 414; Burkart v. Bucher, 2 Binn. 455; Urich v. Merkel, 2 W. N. 550; Urich's App., 86 Penn. St. 386; 2 Wigram W. 88; Dean v. Nually, 36 Mass. 358; Fisher v. Herbell, 7 W. & S. 63.

2. All technical rules of construction must yield to an expressed and lawful intent: Reck's App., 78 Penn. St. 432; Middleswarth v. Blackmore, 74 Idem 414; Minter's App., 40 Idem 111; Shermer's App., 44 Idem 398; France's Est., 75 Idem 220.

3. Where in one part of a will there is given an estate of inheritance, or an absolute interest in personalty, and in subsequent passages the legatee clearly is to take a less estate, the gift is restricted accordingly : Sheets' App., 52 Penn. St. 263 ; Fox's App., 11 W. N. 236 ; McCoy's Est., 16 Idem 244 ; Naundorf v.. Schumann, 3 Cent. R. 70 ; Brockley's App., Idem 927.

4. Precedents may assist but cannot control construction : Fox's App., 11 W. N. 236 ; Redf. W. 124.

5. The life-tenant should therefore give security : § 49, act of February 24, 1834, P. L. 82 ; § 1, act of May 17, 1871, P. L. 269 ; Fisher v. Redsecker, 19 Penn. St. 115.

6. The first and second specifications of error, to which the fifth paragraph of appellant's argument applies, are unexpected. At the audit there was a release of James C. Whitehill's interest filed. The executor of Mrs. Hinkle was represented and no claim was made of any charges against James C. Whitehill and no life insurance policy produced.

OPINION, MR. JUSTICE TRUNKEY :

The residue of the estate is given to the appellant " to have and to hold the said estate with the rents, issues, and profits thereof during his life, for his own use and profit and enjoyment as he may see fit, giving my said husband full power to sell or dispose of the same during his life as he may desire, hereby giving him full power to convey the same or any part thereof, and make good and sufficient title and conveyances therefor during his life." He may give, as he thinks proper, to Frank Whitehill Hinkle, means to start in professional business. He is bound to give said Frank one hundred dollars each year until he shall be in business and able to support himself. And he shall pay to Anna Whitehill fifty dollars each year so long as she remains unmarried. All the estate remaining after the death of Dr. Franklin Hinkle is expressly given to other persons.

The meaning of the devise to the appellant is not doubtful. He is to hold and enjoy the estate during his life ; he has full power to sell and dispose of it during his life ; and he may make good " conveyances therefor during his life ; " and the remainder is devised over to persons named. The limitation

of his estate and powers might have been made in more concise terms, but not more unmistakable. If the fact that Dr. Hinkle is personally liable to pay certain sums of money, or the fact that he is clothed with power to sell or dispose of the estate, gives him the absolute right of property or the estate in fee, the intention of the testatrix is defeated by a rule of law.

It is a settled rule that where a devisee, whose estate is undefined, is directed to pay the testator's debts or legacies, or a specific sum in gross, he takes an estate in fee : 2 Jarman on Wills *268. This rule is confined to indefinite devises, for where the direction to pay is imposed on a person to whom there is given an express estate for life, or an estate with a gift over after his death, or an estate tail, the charge is inoperative to enlarge such an estate to a fee simple: Id. *269. The rule was established when a devise of lands, without words of limitation, conferred on the devisee an estate for life only ; and to effectuate the intention of testators the court lent a willing ear whenever there was a plausible pretext for an enlargement of the life estate into a fee simple. It was not invented to defeat the obvious intention of testators. In this state it has been frequently applied, but no case has been cited where the imposition of a burden upon the acceptor of the devise of a life estate enlarged such estate. It was recognized in Coane v. Parmentier, 10 Penn. St. 72, where the estate was undefined, and the court remarked that the intention to give a fee was clear. So, in Harden v. Hays, 9 Penn. St. 151, the rule was applied ; but it was said, " where there is any express limitation of the interest devised, a direction that the devisee shall pay pecuniary legacies, does not make his interest a fee simple." These cases are in accord with the numerous decisions touching the application of the rule.

A power of sale attached to an express life estate will not enlarge it to a fee. Where a testator devised land to A, " to her sole and separate use for life," and gave " her as executrix, or in her own right as devisee for life, the right to sell and convey in fee simple, all or any part or parts of my real estate at such time or times to such person or persons and for such consideration as she shall deem expedient," it was decided that the devisee took an estate for life only : Hatfield v.

Sohier, 114 Mass. 48. A testator devised all his estate, real and personal, to his wife, "for her comfortable support and maintenance during her life with full power and authority to dispose of the same as she may find needful for that purpose." He gave to S. all his estate "that may remain after the death of his wife." The widow did not exercise the power to sell, but attempted to dispose of the estate by will to her brother. Held, that the widow only took an estate in the land for life with power to sell, and the devise over to S. took effect: Small v. Snow, 123 Mass. 323.

Where the estate is plainly given for life, with devise over, with power to sell in the life-tenant, there is no reason for defeating the testator's intention. The life-tenant may or may not exercise the power, but its exercise ought not to enlarge his right in the proceeds of the sale.

The third, fourth and fifth specifications of error are not sustained.

The legacies to the children of James C. Whitehill are payable to them after his decease, and not before. He is entitled, by the terms of the will, to the interest of the money during his life. His transfer of that right to his children entitles them to receive the interest but not to demand the principal until it becomes due and payable. The auditor does not find that the money was awarded directly to the children by agreement of all parties. The father and children so agreed, but there is no evidence of such agreement by the proper custodian of the money during the life of the father. The accrued and unpaid interest, if included in the transfer, was properly awarded to the children.

The second assignment of error is sustained, and the decree must be modified accordingly.

> Decree affirmed, to be modified by the Orphans'
> Court as indicated in the foregoing opinion.
> Appellant to pay costs. Record remitted.