## Kennedy *v.* Kennedy, Appellant.

[Marked to be reported.]

*Will—Life estate—Widow.*

Testator bequeathed to his wife all of his property " to have and to hold the same absolutely in her own right for and during her lifetime with power to dispose of the same at her own pleasure, but, in the event of her remarrying, then one half of all the aforesaid property shall revert to my children, share and share alike, and at the death of my wife, then all the property that she may have inherited from me by this my will, shall be divided among my children, share and share alike." *Held,* that the wife took a life estate only. Forsythe v. Forsythe, 108 Pa. 129, distinguished.

Argued Nov. 8, 1893. Appeal, No. 285, Oct. T., 1893, by defendant, Christina Kennedy, from judgment of C. P. No. 1, Allegheny Co., Dec. T., 1891, No. 691, on verdict for plaintiff, James M. Kennedy. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Ejectment for undivided interest in land.

At the trial, before COLLIER, J., it appeared that plaintiff and defendant were brother and sister. Plaintiff claimed the land under the will of his father, Robert Kennedy. Defendant claimed the land as the sole devisee under the will of her mother, Christina Kennedy. The contest turned upon the construction of the portion of the will of Robert Kennedy, quoted in the opinion of the Supreme Court.

The court directed a verdict for plaintiff subject to the question of law reserved whether under the evidence plaintiff was entitled to recover. Subsequently the court entered judgment for plaintiff on the verdict. Defendant appealed.

*Error assigned* was entry of judgment on verdict.

*T. Walter Day*, for appellant.—Mrs. Kennedy took a fee under her husband's will: Forsythe v. Forsythe, 108 Pa. 129; Beck's Ap., 116 Pa. 547; Second Ref. Pres. Church v. Disbrow, 52 Pa. 219; Smith v. Fulkinson, 25 Pa. 109; Keefer v. Swartz, 47 Pa. 503; Benkert v. Jacoby, 36 Iowa, 273; McDonald v. Walgrove, 1 Sandf. Ch. 274; McLean v. McDonald, 2 Barbour, S. C. 534; May v. Jones, 20 Grattan, 692.

*Frank I. Gosser*, for appellee.—Mrs. Kennedy took a life estate, not only by the express language of the will, but because it might possibly last for life: 2 Bl. Com. 121; 4 Kent, 26; Forsythe v. Forsythe, 108 Pa. 129. No necessary implication enlarged her estate into a fee. An heir can only be disinherited by express devise or necessary implication, and every fair intendment is to be made in favor of the heir: Bender v. Deitrick, 7 W. & S. 284; Hinkle's Ap., 116 Pa. 490; Cooper v. Pogue, 92 Pa. 254; Nash v. Simpson, 78 Me. 142; Long v. Paul, 127 Pa. 456; Fisher v. Herbell, 7 W. & S. 53; Follweilers's Ap., 102 Pa. 581.

In Second Ref. Pres. Church v. Disbrow, 52 Pa. 219, much relied upon by defendant below, testator devised to his wife certain realty in the alternative " to hold and enjoy during her lifetime, or dispose of the same as shall seem best to her," and for that reason evidently her devisee was held to have taken a fee and was so taken by the court. This case differs from the one in hand, in that the will of Robert Kennedy, deceased, provides for a devise over to his children, share and share alike.

Opinion by Mr. Justice Thompson, December 30, 1893:

The question in this ejectment is one which arises from a contention in regard to the estate devised by the will of Robert Kennedy to his wife Christina Kennedy, who upon her death devised it to her daughter, the appellant, defendant below. By his will he bequeathed as follows : " To my dear wife Christina Kennedy, I bequeath all my property, personal and real, to have and to hold the same absolutely in her own right for and during her lifetime with power to dispose of the same at her own pleasure, but in event of her re-marrying, then one half of

all the aforesaid property shall revert to my children, share and share alike, and at the death of my wife, then all the property that she may have inherited from me by this, my will, shall be divided among my children, share and share alike." The contention of the appellant is that he devised a fee to his wife, by whose will it was bequeathed to appellant, while that of the appellee is that he devised to her only a life estate. This contention is to be resolved by the intention of the testator as evinced by the words used in his will. As the intendment is in favor of the heirs at law it will prevail, unless the testator's will shows a strong probability that such was not his intention. An heir at law is only to be disinherited by express devise or necessary implication. There is no such strong probability in this case that such was the testator's intention, but on the contrary the intendment seems to be clear that he intended a life estate to his wife with a devise over to his heirs. To his wife he bequeathed, " All his real and personal property to have and to hold the same absolutely during her life with power to dispose of the same at her own pleasure," and at the same time and in the same sentence he associated this with the direction at her death that what she inherited should be divided among his children, share and share alike. This language clearly indicates an intention to give a life estate and the power to dispose of the same does not enlarge it to a fee. In Hinkle's Appeal, 116 Pa. 498, it is said by Mr. Justice TRUNKEY: " A power of sale attached to an express life estate will not enlarge it to a fee. Where a testator devised land to A., ' To her sole and separate use for life,' and gave ' her as executrix, or in her own right as devisee for life, the right to sell and convey in fee simple, all or any part or parts of my real estate at such time or times to such person or persons and for such consideration as she shall deem expedient,' it was decided that the devisee took an estate for life only : Hatfield v. Sohier, 114 Mass. 48. A testator devised all his estate, real and personal, to his wife, ' for her comfortable support and maintenance during her life with full power and authority to dispose of the same as she may find needful for that purpose.' He gave to S. all his estate ' that may remain after the death of his wife.' The widow did not exercise the power to sell, but attempted to dispose of the estate by will to her brother. Held that the

widow only took an estate in the land for life with power to sell, and that the devise over to S. took effect: Smith v. Snow, 123 Mass. 323."

In the event of the remarriage of his wife, which did not occur, the testator here provides "then one half of the aforesaid property shall revert to my children, share and share alike." His intention it is clear was in that contingency to reduce her life estate to one half, and to determine it in the other half upon her death, when his children were to take. To accomplish this he provides as follows: "And at the death of my wife then all the property that she may have inherited from me by this, my will, shall be divided among my children, share and share alike." This language indicates that he intended the wife to take an estate for life in the property, but liable as to one half of it to have it determined by her remarriage. The fact that she did not remarry and that the contingency contemplated did not occur cannot change the intention thus clearly expressed.

As each testator in his will necessarily uses distinctive words from which his intention is to be deduced in its interpretation, cases of wills may be precedents for principle, but rarely for interpretation, because the words used are scarcely ever identical. It is however urged that Forsythe v. Forsythe, 108 Pa. 129, is sufficiently identical to control the interpretation of the present will, but an examination of that case does not sustain this contention. In that case the testator by his will devised his real and personal property during her natural life to his wife, with power to dispose of the same as she may think best. No other disposition was made and no other person was mentioned. The intention, it is manifest, was that he intended to give her absolutely his entire estate, and Mr. Justice GREEN in delivering the opinion says: "But besides this it is clear that the testator was disposing of his entire estate when he made his will. He says so in words. He names no other devisee or legatee, possible or contingent, than his wife, in any part of his will. He does not give her a residue after other objects of his bounty are provided for, as was the case in Fisher v. Herbell, 7 W. & S. 63, but he gives her everything, his whole estate, after payment of debts, during her life, and also the power to dispose of it all as she might think best.

Again he says : " A technical power of disposal of the very substance of the testator's estate, without any limitation as to the manner or kind of disposal, is given, and there are no other words in the will which indicate an intent to restrain the act of disposition so as to be effective during the life of the widow. In these circumstances we are not disposed to declare a meaning to the will which we think was not the meaning of the testator."

In the present case the testator bequeaths his property to his wife to have and to hold during her life with power to dispose of the same, and in the same sentence designates the contingency when the life estate as to a part of it is to determine, and upon her death the takers of such estate as she then may have. The evident intention was not to dispose of the entire estate to the wife. In the case above referred to the intention of the testator was to devise his entire estate to his wife, while in the present one the intention is just the opposite. As it is manifest that the testator intended to give but a life estate to his wife this judgment is

Affirmed.