Theresa Kiefel, Elizabeth Garovi, Mary Judith Aubele, Elizabeth Bardouner, Margaret Marcacer, Mary Elizbeth Etzel and Anna Julia Brooks, Appellants, *v.* Charles Keppler, Gustav Keppler, Charles V. Ackermann, Mary Breidert, Hannah Stevens, Bertha Caroline Biedermann, Mary H. Rebholtz and Anthony Ackermann.

*Will—Devise—Estate in fee simple—Act of April 8, 1833.*

Testatrix directed as follows: "As to such estate as it hath pleased God to intrust me with, I dispose of the same as follows: My husband shall have my whole income while he lives. I also shall authorize my husband to have the right to sell any or all of the property belonging to me." There was no limitation over, and no restriction on the appropriation of the proceeds of sale if made. *Held*, that under the act of April 8, 1833, P. L. 10, the husband took a fee in the real estate.

Submitted Nov. 8, 1895. Appeal, No. 263, Oct. T., 1895, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1893, No. 524, dismissing bill in equity. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for partition.

The bill was filed by the plaintiffs for a partition, claiming title as collateral heirs at law of Judith Pfeifer; that Judith Pfeifer died intestate, without issue, but having a husband, J. Martin Pfeifer, who is now deceased. The plaintiffs claimed to be tenants in common.

The answer denied that Judith Pfeifer died intestate, but set up her last will and testament, dated April 25, 1891, duly probated and recorded, in which she devised the property in controversy to her husband, J. Martin Pfeifer, in fee simple. J. Martin Pfeifer, by his last will and testament, dated February 10, 1892, duly probated and recorded, devised the same property to C. V. Ackerman and others, not any of the plaintiffs or tenants in common with them.

The will of Judith Pfeifer is as follows:

"In the name of God, Amen. I, Judith Pfeifer, of Oakmont Borough, County of Allegheny, and State of Pennsylvania, being of sound mind, etc.

"1st. I direct all my just debts and funeral expenses to be fully paid and satisfied as soon as conveniently may be after my decease. As to such estate as it hath pleased God to intrust me with, I dispose of the same as follows:

"My husband, Martin Pfeifer, shall have my whole income while he lives.

"I make the following bequests:

"I bequeath to Mrs. Elizabeth Kletzly the sum of $400.00
"I also    "       "       "    Garrove    "       "       500.00
"          "       "       "    Maggie Marks    "       "       500.00

"I also shall authorize my husband to have the right to sell any or all of the property belonging to me, and lastly I do nominate and appoint my friend, Henry Schnellbach, to be the executor of this, my last will and testament."

The court, in an opinion by WHITE, J., held that the husband took a fee, and dismissed the bill.

*Error assigned* was decree dismissing bill.

*George Shiras* and *C. C. Dickey*, for appellants.—Testatrix gave to her husband "my whole income," not the "whole in-

come of my estate," and as she bequeathed a number of legacies she certainly did not intend to give him her whole estate.

A power of sale attaches to an express life estate and will not enlarge it with a fee : Hinkle's App., 116 Pa. 490 ; Kennedy v. Kennedy, 159 Pa. 327 ; Hatfield v. Sohier, 114 Mass. 48 ; Smith v. Snow, 123 Mass. 323 ; Dean v. Nunally, 36 Mass. 358 ; Long v. Paul, 127 Pa. 456 ; Cooper v. Pogue, 92 Pa. 254 ; France's Est., 75 Pa. 220 ; Cox v. Sims, 125 Pa. 522.

In a doubtful case the courts will adhere as closely as the language will permit to the general rules of inheritance. Whoever claims against the law of descent must show a satisfactory written title : Kennedy v. Kennedy, 159 Pa. 327 ; Finney's App., 113 Pa. 11 ; France's Est., 75 Pa. 220 ; Smith's App., 23 Pa. 9 ; Fitzwaters' App., 94 Pa. 141 ; Horwitz v. Norris, 60 Pa. 261.

An heir cannot be disinherited except by express devise or necessary implication of such strong probability that an intention to the contrary cannot be supposed : McIntyre v. Ramsey, 23 Pa. 317 ; Rupp v. Eberly, 79 Pa. 141 ; Cowles v. Cowles, 53 Pa. 175.

*J. P. Hunter*, for appellee.—It is a rule of interpretation that the intention of a testator shall be gathered from the four corners of the will, and that such intention must prevail over uncertain or apparently contradictory experience : McCormick v. McElligott, 127 Pa. 230.

There are two things manifest from the entire will.

*a.* That the testatrix intended to dispose of her entire estate.

*b.* That her husband was the main object of her bounty.

The husband took a fee : Act of April 8, 1833, P. L. 10 ; Shirey v. Postlethwaite, 72 Pa. 39 ; Schouler on Wills, sec. 503 ; France's Est., 75 Pa. 220 ; Forsythe v. Forsythe, 108 Pa. 229 ; Boyle v. Boyle, 152 Pa. 108 ; McIntyre v. McIntyre, 123 Pa. 329 ; Evans v. Smith, 166 Pa. 625.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1896 :

Notwithstanding the general presumption that one who makes a will does not intend to die intestate as to any part of his estate, reinforced as it is here by the words " all such estate as it hath pleased God to intrust me with, I dispose of " etc., it is clear

that without the aid of the act of 1833 the will of Judith Pfeifer would have given her husband only a life estate, for the devise is only of the "whole income while he lives," and at common law this express life estate would not be enlarged by the subsequent gift of a power of sale: Hinkle's Appeal, 116 Pa. 490. But the act of 1833 changes the rule of construction by its command that "all devises of real estate shall pass the whole estate of the testator in the premises devised . . . . unless it appear by a devise over, or by words of limitation, or otherwise in the will, that the testator intended to devise a less estate." Starting with this statutory presumption, the burden of proof is now upon those who claim that a less estate was intended by the testator. In the present case there is no devise over, and the limitation by the words "while he lives" is followed by an unlimited power of sale with no restriction on the appropriation of the proceeds. Such an estate is very near a fee simple. The difference is purely technical and is not one which would be obvious to the ordinary mind. For all practical purposes the beneficial interest is the same, and from the entire absence of any devise over after the husband's death we must presume that it was solely his beneficial interest that the testatrix had in mind. We are not dealing with a deed granting an express life estate, with a power of sale which must be strictly construed, but with a will having a statutory prima facie intent. The actual intent of the testatrix appears to be in harmony with the statutory presumption, and we can therefore best carry it out by giving her will the legal construction which accomplishes the practical result she desired, and holding that the estate passing to him was a fee simple.

Judgment affirmed.