# Hinkle *v.* Rehm.

*Will—Life estate—Power of sale.*

Testatrix devised land to her husband "to have and to hold the said estate, with the rents, issues and profits thereof, during his life, for his own use and profit and enjoyment as he may see fit; giving my said husband full power to sell or to dispose of the same during his life; as he may desire; hereby giving him full power to convey the same, or any part thereof, and make good and sufficient title and conveyances therefor during his life." *Held*, that although the husband had a mere life estate in the land, yet the power of sale gave him authority to make a good fee simple title to another.

Argued Nov. 16, 1900.   Appeal, No. 181, Oct. T., 1900, by plaintiff, from judgment of C. P. Lancaster Co., June T., 1900, No. 40, on case stated in suit of Annie M. Hinkle v. W. C. Rehm.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Reversed.

Case stated to determine marketable title to real estate.

From the case stated it appeared that the land in question formerly belonged to Annie M. C. Hinkle who died on November 24, 1884, leaving a will by which she devised the land to her husband, Franklin Hinkle, M. D.   Franklin Hinkle subsequently married plaintiff, Annie M. Hinkle, and on October 26, 1892, Franklin Hinkle and Annie M. Hinkle conveyed the land to Houston Mifflin.   On the following day Houston Mifflin conveyed it to Annie M. Hinkle.   On May 24, 1900, Annie M. Hinkle by articles of agreement sold the land to W. C. Rehm.   Subsequently when a tender of the deed was made to Rehm he refused to accept it on the ground that Annie M. Hinkle could not make title in fee simple to the land.   The material portion of the will of Annie M. C. Hinkle is as follows:

"Item. All the rest, residue and remainder of my estate, whether real, personal or mixed, of which I shall die possessed, or to which I shall be entitled at my decease, and over which I have any power of control or disposition under the will of my said deceased father, or otherwise, I give, devise and bequeath to my beloved husband, Franklin Hinkle, M. D., to have and

to hold the said estate, with the rents, issues and profits thereof, during his life, for his own use and profit and enjoyment as he may see fit, giving my said husband full power to sell or dispose of the same during his life, as he may desire, hereby giving him full power to convey the same, or any part thereof, and make good and sufficient title and conveyances thereof during his life. He, first to give our said adopted son, Frank Whitehill Hinkle, means to start in professional business, as he, my husband, may think proper, and subject also to the payment to our adopted son, Frank Whitehill Hinkle, the sum of one hundred dollars each year until such time as our said adopted son shall be in business and able to support himself.

The court entered judgment for the defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*W. U. Hensel*, with him *A. G. Dickson*, for appellant.—By his deed to Houston Mifflin, Franklin Hinkle executed the power of disposition vested in him by the will of Anna M. C. Hinkle: Bingham's App., 64 Pa. 345; Wynkoop v. Wynkoop, 10 W. N. C. 65.

The title made by Franklin Hinkle to Houston Mifflin was in fee simple: Forsythe v. Forsythe, 108 Pa. 129; Dillon v. Faloon, 158 Pa. 468; Wynkoop v. Wynkoop, 10 W. N. C. 65; Brockley v. Brockley, 122 Pa. 1; Schmid's Est., 182 Pa. 267; Hendricks v. Burkert, 8 Montgomery County Law Rep. 176; Hinkle's App., 116 Pa. 490; Hatfield v. Sohier, 114 Mass. 48; Smith v. Snow, 123 Mass. 323; Fisher v. Herbell, 7 W. & S. 63; Dillin v. Wright, 73 Pa. 177; Kennedy v. Kennedy, 159 Pa. 327; Gross v. Strominger, 178 Pa. 64; Tyson's App., 191 Pa. 218.

*James F. McCoy* and *Charles W. Eaby*, for appellee.—The cardinal rule for the construction of wills is that the intent of the testator must be gathered from the will itself: Baker and Wheeler's App., 115 Pa. 590; Reck's App., 78 Pa. 432; Daley v. Koons, 90 Pa. 246; Fox's App., 99 Pa. 382.

The expression, "during his life" can mean but one thing, the

time for which he could convey, and that time is not to exceed his natural life: Hinkle's App., 116 Pa. 490.

If an estate be limited to a man for life with power to make leases in possession, every lease which he executes under the power must take effect out of his life estate: Dillin v. Wright, 73 Pa. 177; Fisher v. Herbell, 7 W. & S. 63.

A legatee who has not used or consumed the property during life will not be permitted by will to give it to persons other than those designated by the testator: Hatfield v. Sohier, 114 Mass. 48.

OPINION BY BEAVER, J., March 19, 1901:

A case stated was submitted in the court below, involving the construction of the following clause in the will of Annie M. C. Hinkle: "Item. All the rest, residue and remainder of my estate, whether real, personal or mixed, of which I shall die possessed or to which I shall be entitled at my decease and over which I have any power of control or disposition under the will of my said deceased father or otherwise, I give, devise and bequeath to my beloved husband, Franklin Hinkle, M. D., to have and to hold the said estate, with the rents, issues and profits thereof, during his life, for his own use and profit and enjoyment as he may see fit; giving my said husband full power to sell or dispose of the same during his life, as he may desire; hereby giving him full power to convey the same, or any part thereof, and make good and sufficient title and conveyances therefor during his life."

The only question for determination is whether or not the testatrix, by this clause of her will, conferred upon her husband the right to sell the entire estate or simply his life interest therein. The subject of the clause is "all the rest, residue and remainder of my estate, whether real, personal or mixed." The power conferred is "to sell or dispose of the same, during his life, as he may desire." As in Forsythe v. Forsythe, 108 Pa. 129, the antecedent of the words "the same" is "all the rest, residue and remainder of my estate, whether real, personal or mixed." Whilst it is true that the words "during his life" are added, they do not limit the quantum of the estate which he could convey, but the time during which it was to be conveyed. It is true, in one sense, that he could not convey after

his death, but it may have been intended to limit a conveyance by deed and not to confer the right to devise her real estate by will.   As if to emphasize the grant of the power, he is further authorized " to make good and sufficient title and conveyances thereof during his life."   No authority contained in or conferred by the will was necessary to enable him to sell his life estate. This he could have done at any time, without specific authority. Whatever interest he had in the estate was his to be disposed of subject to the limitations contained in the will, but the testatrix seemed to have the desire to confer, as to the authority to dispose of the estate, greater power than this and she, therefore, gave him the power and authority to sell the entire estate, whenever he might desire to do so, the power, however, to be exercised during his life, by good and sufficient title and conveyances.   This seems to have been the view taken by the Supreme Court, when the construction of this will was before it in Hinkle's Appeal, 116 Pa. 490, in which Mr. Justice TRUN-KEY, in delivering the opinion of this court, says : " Where the estate is plainly given for life, with devise over, with power to sell in the life tenant, there is no reason for defeating the testator's intention.   The life tenant may or may not exercise the power, but its exercise ought not to enlarge his right in the proceeds of the sale."   The question directly before the court in that case was whether the charges upon the estate and the power to sell enlarged the estate of the husband to a fee.   It was decided that they did not and, although the power to sell seems to have been taken for granted, the estate was determined to be no more than a life estate in the husband ; nor would the conversion of the estate by a sale in any way enlarge the interest of the husband in it.

The remainder-man is not a party to this proceeding, and it does not appear that any notice of it was given to him.   The safeguarding of his interests is not involved here, however, and we are not now dealing therewith.   The court below seems to have based its conclusion entirely upon the fact that the estate of the husband under the will of his deceased wife, was no more than a life estate and that, therefore, the estate in the present plaintiff was no greater.   In reaching this conclusion it is necessary to import into the will the words " for and " in connection with " during his life."   If these words were in the will, they

would undoubtedly change the meaning thereof; but, as they are not, and their insertion leads to an obvious change in the meaning of the clause, it is a violation of all the canons of construction to construe the clause as if they were present. The intention of the testatrix only is involved—not what she should have done; not what she might have done; not what her will means, if we add something to it, but what is the obvious meaning of the clause to be construed as she used and left it.

The question involved is simply whether or not the present holder of the title, which is admitted to be good, if the husband had power to make a good title, in fee, can make a good and sufficient deed to the defendant in the action in which the case stated was filed. Of this we have no question, under a fair construction of the clause involved. The judgment in the court below is, therefore, reversed, and it is now ordered that judgment be entered upon the case stated in favor of the plaintiff, with costs.