# Gelb v. Weisberger, Appellant.

*Wills—Life estates—Power of sale—Construction—Intention.*

A will devising to testator's wife all his estate, real, personal and mixed for her life, "with privilege to dispose of any or all of the real estate if she chooses," vests the life-tenant with a power to convey the real estate in fee simple and a purchaser thereof from her will acquire a marketable title.

Argued Oct. 19, 1914. Appeal, No. 177, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., July T., 1914, No. 2129, on case stated in case of Fannie Gelb v. Herman Weisberger. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketability of title. SHAFER, J., filed the following opinion:

In an amicable action for the purchase-money of land the parties have agreed upon a case stated in the nature of a special verdict, from which it appears that the defendant has agreed to purchase certain land therein described, from the plaintiff, she to convey to him a good and marketable title in fee simple, and that he has refused to carry out the purchase, alleging that she does not have such title. It is admitted that David Gelb, the deceased husband of the plaintiff, had a good and marketable title at the time of his death, which occurred in April, 1913, and that the land is not subject to the lien of any unsecured debt of his or any other encumbrance. David Gelb left a will, which was duly probated, by which he gave and devised to his wife, the

1915.]    Opinion of Court below—Assignment of Error.

plaintiff, all his estate, real, personal and mixed, for and during her life, "with privilege to dispose of any or all of the real estate if she chooses." The will then provides that after his wife's death his trustees shall within one year reduce his estate to money and pay certain sums to his grandchildren. It is plain from the whole tenor of the will that the testator does not intend his wife to have more than a life estate in the property given to her, and she cannot convey the land as owner of the fee. She does not, however, as appears by the article of agreement with the defendant, claim to do so, but claims to make the sale in execution of a power of sale given her by the will. The only question, therefore, is whether the words "with privilege to dispose of the real estate" gives her power to sell it. We are of opinion that to give effect to these words the will must be interpreted as giving her the power of sale in fee. If they were to apply only to her life estate they would be entirely unmeaning. We are of opinion that the testator intended that his wife should have in her possession and care during her lifetime all his property, and that she might turn the real estate into money if she so desired, and that then whatever was left at her death should go as directed by the other clauses of his will. As to whether the plaintiff has power to expend more than the income of the property, it is a matter with which we are not here concerned. That is a matter which is within the jurisdiction of the Orphans' Court and can be regulated by them so as to do justice and secure the rights of the remaindermen, Watson's Est., 241 Pa. 271.

The lower court entered judgment for plaintiff for $4,500. Defendant appealed.

*Error assigned* was the judgment of the court.

*Edward Steurer,* for appellant.

· *Blakeley & Calvert* and *Donald Thompson* filed a paper book for appellee.

PER CURIAM, January 2, 1915:

The judgment is affirmed on the opinion of Judge SHAFER.