## Peck v. Snyder.

*Wills—Construction—Gift for life with power of disposition—Fee.*
A gift to testator's wife of all his property, real and personal, "to have, hold and enjoy during her life and to dispose of at or before her death as she is disposed or inclined," passes a fee.

Case stated to determine construction of will. C. P. Dauphin Co., Jan. T., 1927, No. 321.

*Metzger & Wickersham*, for plaintiff; *Earl V. Compton*, for defendant.

HARGEST, P. J., May 19, 1927.—This matter comes before us on a case stated. The plaintiff, now the wife of Milton I. Peck, was the widow of Ralph R. Burd, who, at the time of his death, was seized of certain real estate. He left a will, which contained the following:

Peck v. Snyder.

"I give, bequeath and devise to my beloved wife, Ethel R. Burd, all the property, real and personal, of which I die possessed, to have, hold and enjoy during her life and to dispose of at or before her death as she is disposed or inclined."

He appointed the plaintiff as the executrix of his will. The plaintiff has agreed to sell the property to the defendant, who declines to take the title. The question, therefore, is whether, under this will, the plaintiff has (a) a fee simple title; (b) a life estate; or (c) a life estate with power of consumption and alienation.

In Kiefel v. Keppler, 173 Pa. 181, the will provided: "My husband shall have whole income while he lives. I also shall authorize my husband to have the right to sell any or all of the property belonging to me." It was held that, under the Act of April 8, 1833, P. L. (1832-33) 249, the husband took a fee in the real estate.

In Schaaf v. Politowski, 276 Pa. 31, the testator devised the residue of his estate "of whatever nature and kind" to his wife, "to have and enjoy the same during the term of her natural life," with "the privilege and full power, if she can get good prices for said real estate, to make sale of the same and give good title for the same as if I was alive." It was held that the wife took only a life estate, and the case of Kiefel v. Keppler, supra, was distinguished.

In Gelb v. Weisberger, 247 Pa. 416, the will devised all of the testator's estate to his wife for her life, "with the privilege to dispose of any and all of the real estate if she chooses," and it was held that the wife took a life estate with power to convey the real estate in fee simple and that the purchaser from her acquired a good title.

The three foregoing cases are fair examples of the language which has been construed to vest the three kinds of estates to which we have referred. In the instant case there is no disposition made by the will after the death of the widow. She is given more than a life estate. She is given the right to "enjoy during her life," but she is given more than the right to "enjoy." She is given not only the right to sell during her life, but also the right to give away either during her life or at her death, because she is also given the right to dispose of the property "at or before her death as she is disposed or inclined." This includes the right of disposition by will. There is no withholding of "the qualities usually recognized as inseparable from an estate of inheritance:" Stanton v. Guest, 285 Pa. 460-463. The differences which Chief Justice Moschzisker pointed out in Schaaf v. Politowski, 276 Pa. 31, between that case and Kiefel v. Keppler, 173 Pa. 181, are emphasized in the instant case. In the Schaaf case the testator limited the devisee's enjoyment of the corpus to a life estate. The right of disposition was limited to a right of sale and was not a power of consumption. The sale was conditioned upon securing a good price. We have no difficulty in concluding that the estate passing under this will is more than a simple life estate.

The question of determining whether it is a fee or a life estate with the power of sale is somewhat more difficult. But upon a careful analysis of the case of Kiefel v. Keppler, supra, which was held to pass a fee, we conclude that the will in the instant case has the same effect. Here, the will is even stronger than in that case. There, the husband had the "whole income while he lives." Here, the wife has all the property, both income and corpus, "to have, hold and enjoy during her life." There, the husband had "the right to sell any or all of the property." Here, the widow not only has the right to sell during her lifetime, but the right to dispose of it at her death, "as she

Peck *v.* Snyder.

is disposed or inclined." There, as here, there was no limitation over, and no restriction on the appropriation of any proceeds of a sale, if made. Where the estate vested is a life estate with power of sale and not a fee, there is a disposition of the residue or remainder: Gelb *v.* Weisberger, 247 Pa. 416; Hege *v.* Ickes, 267 Pa. 57, as explained in Edwards *v.* Newland, 271 Pa. 1, 5.

We have not found any case where the will has been held to give only a life estate with power of sale, where not only the right to consume the estate but also the right to dispose of the property at death has been given.

For these reasons, we are of opinion that, under the Act of April 8, 1833, P. L. (1832-33) 249, the plaintiff took an estate in fee simple, and, therefore, has the right to convey a good and marketable fee simple title to the purchaser.

Now, May 19, 1927, judgment is hereby directed to be entered in favor of the plaintiff and against the defendant, at the costs of the defendant.

From Homer L. Kreider, Harrisburg, Pa.