McMillan v. Farrow.

---

McMILLAN, *Administrator*, v. FARROW, *Administrator*, *Appellant*.

### Division Two, July 17, 1897.

1. **Wills**: INTERPRETATION: INTENTION TO GOVERN. The cardinal rule in the interpretation of a will is that the intention of the testator, as gathered from the whole instrument, shall control, and in arriving at such intention the relation of the testator to the beneficiaries named in the will, and the circumstances surrounding him at the time of its execution may be taken into consideration.

2. ———: LIFE ESTATE. A husband by will bequeathed to his wife all his estate both real and personal to be held and enjoyed by her absolutely with full power and authority to dispose of all or any part thereof at her option. But in the event of her death prior to the testator's, or if she survived him, *his* property remaining undisposed of

at her death, was willed to Joseph McKinney and to his heirs abso-
lutely and in fee.  In the event said Joseph McKinney should die
without children, or before the death of the testator's wife, whatever
remained of *his* estate both real and personal was bequeathed to the
children of his brother, by his second marriage, and the female chil-
dren of William N. Clark absolutely and to their heirs in equal parts.
*Held,* that under the will the wife took a life estate in all the testa-
tor's property with power of disposal, and that the administrator of
the husband, who died first, was entitled to the possession and con-
trol of the personal property left by testator as against the adminis-
trator of his wife who died two years later.

*Appeal from Crawford Circuit Court.*—HON. C. C.
BLAND, Judge.

AFFIRMED.

*A. U. Farrow, F. H. Farris* and *J. T. Woodruff*
for appellant.

(1)   The absolute and unrestricted power of dis-
position given the first taker of an estate unlimited,
creates in such person a fee, and a limitation to an-
other is void, as being repugnant to the first grant.
2 Blackstone, 164; *Rubey v. Barnett,* 12 Mo. 6; *Norcum
v. D'Oench,* 17 Mo. 118; *Allen v. Claybrook,* 58 Mo. 131;
*English v. Beehle,* 32 Mo. 186; *Hazel v. Hagan,* 47 Mo.
277; *Green v. Sutton,* 50 Mo. 186; *State ex rel. v. Tol-
son,* 73 Mo. 320; *Tremmel v. Kleibolt,* 75 Mo. 255;
*Wead v. Gray,* 78 Mo. 59; *Cornwell v. Orton,* 126 Mo.
355; *Fullenwider v. Watson,* 14 N. E. Rep. 571; *Allen
v. Craft,* 9 N. E. Rep. 919; *Bryne v. Weller,* 33 S. W.
Rep. 421; *Howard v. Carusi,* 109 U. S. 1089.   (2)   At
common law certain words of inheritance were required
in a deed to create a fee simple estate.   *Leitensdorfer
v. Delphy,* 15 Mo. 168.   But in cases of wills no par-
ticular words were ever necessary.   6 Am. and Eng.
Ency. Law, p. 876.   Under our statute the common
law rule is changed, and the undoubted law now is
that unless the grant is especially limited to a less
estate, the presumption is that a fee is intended, and

the whole estate will pass. R. S. 1889, sec. 8834.
(3) In our own State from the first case, that of *Rubey v. Barnett*, 12 Mo. 6, to the last, that of *Cornwell v. Orton*, 126 Mo. 355, this court has strictly observed the rule that an unlimited grant, coupled with the unrestricted power of disposition, creates a fee.   (4) The cases which hold that a life estate, given in express terms, with power of disposition added, does not amount to a fee in the first taker, are essentially different from this one, in that in all of them there is a limit to the first estate, while here there is not.   *Russell v. Eubanks*, 84 Mo. 82; *Harbison v. James*, 90 Mo. 411; *Lewis v. Pitman*, 101 Mo. 281; *Redman v. Barger*, 118 Mo. 568.

*Robert Walker* for respondent.

(1)   Sarah A. McMullin only took a life estate under the will in the estate of Alexander L. McMullin, deceased.   *Russell v. Eubanks*, 84 Mo. 82; *Harbison v. James*, 90 Mo. 411; *Lewis v. Pitman*, 101 Mo. 281; *Redman v. Barger*, 118 Mo. 568; *Smith v. Beil*, 6 Pet. (U. S.) 68; *Hamlin v. Express Co.*, 107 Ill. 443; *Chase v. Ladd*, 153 Mass. 126; *Levengood v. Hoople*, 124 Ind. 27.   (2)   A life estate need not be created in express terms.   If it is the clear intention of the testator, as gathered from the full context of the will, that the first taker is but to have a life estate, then the added power of disposition will not convert the estate into one of absolute ownership.   *Smith v. Bell*, 6 Pet. (U. S.) 68; *Lewis v. Pitman*, 101 Mo. 292; *Giles v. Little*, 104 U. S. 291; *Schorr v. Carter*, 120 Mo. 414; *Hamlin v. Express Co.*, 107 Ill. 443; *Wood v. Robertson*, 113 Ind. 323.   (3)   The phrase "with full power and authority to dispose of all or any part thereof at her option," used by the testator in bestowing his gift upon his wife, is in itself indicative of intention to

give the wife a life estate only, and especially so when viewed in connection with the other provisions in the will.  *Johnson v. Johnson*, 51 Ohio St. 446; *Jenkins v. Compton*, 23 N. E. Rep. 1091; *Walker, Adm'r v. Pritchard*, 12 N. E. Rep. 336; *Mansfield v. Shelton*, 35 Atl. Rep. 271; *Baker v. Thompson*, 37 N. E. Rep. 751. (4)   Property first given to one without words of limitation, followed by gift to another person with words of limitation, upon the death of the former, creates, as a rule, a life estate in the first taker with remainder in fee in the second taker.   Jarman on Wills [5 Ed.], 288; Theobald on Wills (1876), p. 484.

BURGESS, J.—This suit is prosecuted by plaintiff as administrator of the estate of Alexander L. Mc-Mullin, deceased, against the defendant H. P. Farrow, as administrator of the estate of Sarah Ann Craig, deceased, formerly Sarah Ann McMullin, widow of said  Alexander  L.  McMullin, for the· purpose  of obtaining a construction of the last will and testament of  said  Alexander  L.  McMullin, deceased, and to determine which of the two administrators is entitled to the possession and control of the notes and choses in action belonging to said Alexander, for the purpose of administration.   The court below found in favor of plaintiff, and that said Sarah A. Craig, formerly McMullin, the wife of the testator, took a life estate in all the property owned by the testator at the time of his death, and that Joseph McKinney took the property in remainder; that all the notes and choses in action described in plaintiff's petition were assets belonging to the estate of Alexander L. McMullin, deceased, and that plaintiff was entitled to hold and control the same for the purpose of administration. Defendant appeals.

The will is as follows: "In the name of God—Amen. I, Alexander L. McMullin, of the county of Crawford and State of Missouri, aged seventy-three years, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, publish and declare this to be my last will and testament, that is to say: First, after all my lawful debts are paid and discharged I give and bequeath all my estate, both real and personal, to my beloved wife, Sarah. Ann, to hold and enjoy by her absolutely with full power and authority to dispose of all or any part thereof at her option. Second, in the event of the death of my said wife prior to my death, or if she survive me, whatever of my property may remain undisposed of at her death, I give and bequeath to Joseph McKinney and to his heirs absolutely and in fee. Third, in the event that if the said Joseph McKinney should die without children, or before the death of my said wife, I give and bequeath whatever remains of my estate both real and personal to the children of my brother, Madison B. McMullin, by his second marriage, and the female children of William N. Clark absolutely and to their heirs in equal parts.

"In witness whereof I have hereto set my hand and affixed my seal this 6th day of September, A. D. 1883.

"ALEX. L. MCMULLIN. [SEAL]"

The will was executed on the sixth day of September, 1883, and was admitted to probate in the probate court of Crawford county on the eighth day of October, 1888. The testator died October 1, 1888, after having reached the advanced age of seventy-eight years. He had accumulated personal property, money, and choses in action amounting to several hundreds of dollars, and was the owner of a large farm in Crawford county of about the same value as his personal property. He

left a widow, Sarah A. McMullin, who intermarried with one W. L. Craig. Only two children were born to the testator and his wife, viz., John and Joseph McMullin, both of whom died before their father, without ever having been married. Joseph, however, left an illegitimate son named Joseph McKinney, who was about two years of age at the time of his father's death, and is the same person mentioned in the will in question. Shortly after the death of his father, Joseph McKinney was taken charge of by the testator and his wife, was kept, maintained, supported, and sent to school by them, as if he were their own child, and was taught to call his foster parents "grandpa" and "grandma."

There was no person appointed executor by the will; neither was there any administration on the estate after probate of the will. All of the property left by Alexander L. McMullin, consisting of real estate, chattels and other personal estate, including notes and choses in action, was taken charge of and managed by Sarah A. McMullin, the widow, in like manner as her own, and by her so managed until her death. The personal property consisted mainly of notes, and at the time of McMullin's death all of such notes were made payable to Alexander L. McMullin. On the twenty-sixth day of September, 1890, the widow, Sarah A., married said Craig.

The widow, after McMullin's death, collected some of the outstanding notes, and then again in turn loaned out such collections on notes, which were made payable to herself as Sarah A. McMullin, until after her marriage to Craig, then they were made payable to her as Sarah A. Craig. She died on the twenty-sixth day of September, 1892. Upon her death letters of administration upon the estate, with the last will and testament annexed, of Alexander L. McMullin, deceased,

were by the probate court of Crawford county, Missouri, on the tenth day of October, 1892, granted to the plaintiff, T. J. McMillan, who duly qualified as such administrator, and is now acting as such. Said McMillan, after duly qualifying as such administrator of McMullin's estate, took charge of all of said notes and choses in action as part of the assets belonging to the estate of Alexander L. McMullin, deceased. The testimony showed that all of said notes and choses in action were either notes left of those which had been executed during the lifetime of said Alexander L. McMullin and made payable to him, or were notes and choses in action since given and executed for money collected from notes made payable to said McMullin, and were all notes and assets, including a certificate of deposit in the Rolla bank, coming exclusively from the notes and assets left by the said Alexander L. McMullin at his death.

It was also shown that various demands for indebtedness owing by McMullin were presented and allowed against his estate in the probate court of Crawford county, Missouri, and that plaintiff McMillan, as administrator, was in need of assets with which to pay off demands thus allowed against said estate. After the appointment of plaintiff as administrator, with the will annexed, of the estate of Alexander L. McMullin, deceased, letters of administration upon the estate of Sarah A. Craig, deceased, McMullin's widow, were by the probate court of Crawford county, Missouri, granted to the defendant, H. P. Farrow, who duly qualified and is now acting as such administrator. Defendant Farrow, as administrator of Sarah A. Craig, deceased, claims all the notes and choses in action in issue herein, as assets of the estate of said Sarah A. Craig, deceased, to be by him administered upon.

The cardinal rule in the interpretation of a will is that the intention of the testator, as gathered from the whole instrument, shall control, and in arriving at such intention the relation of the testator to the beneficiaries named in the will, and the circumstances surrounding him at the time of its execution may be taken into consideraton. *Noe v. Kern*, 93 Mo. 367; *Long v. Timms*, 107 Mo. 512; *Schorr v. Carter*, 120 Mo. 413; *Drake v. Crane*, 127 Mo. 85; *Nichols v. Boswell*, 103 Mo. 151. This rule is emphasized by section 8916, Revised Statutes 1889, by which it is provided that: "All courts and others concerned in the execution of last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator in all matters brought before them."

It has been said that "the true intent and meaning of the testator can be best ascertained by the courts and those concerned in the execution of wills by putting themselves, so far as may be, in the place of the testator and reading all his directions therein contained in the light of his environments at the time it was made." *Murphy v. Carlin*, 113 Mo. 112. But the provisions of the will in this case are so plain that resort to extrinsic evidence as to the situation of the parties, and the circumstances surrounding the testator at the time of its execution, is unnecessary in order to arrive at his true intent and meaning. By the first clause of the will the testator gave to his wife Sarah Ann all of his estate both real and personal, to hold and enjoy absolutely with full power and authority to dispose of all or any part thereof at her option. By the second clause, however, the will provides: "In the event of the death of my said wife prior to my death, or if she survive me, whatever of *my* property may remain undisposed of at her death, I give and bequeath to Joseph McKinney and to his heirs absolutely and in

fee." Then by the third clause it is provided that: "In the event that if the said Joseph McKinney should die without children, or before the death of my said wife, I give and bequeath whatever remains of *my* estate both real and personal to the children of my brother Madison by his second marriage, and the female children of William N. Clark absolutely, and their heirs in equal parts."

It is perfectly clear from the second clause of the will that if the testator's wife, Sarah Ann, had died before he did, that Joseph McKinney would have taken the entire estate under that clause of the will on the death of the testator, for it so says in express terms. While by the first clause of the will all the property of the testator is given to his wife to hold and enjoy by her absolutely with full power of disposal, in the second clause he says "whatever of *my* property may remain undisposed of at her death I give and bequeath to Joseph McKinney and to his heirs absolutely in fee." The testator speaks of the property in both the second and third clauses of the will, *remaining* undisposed of by his wife Sarah Ann at her death as *his property*, and in fact disposes of it by said clauses, which clearly shows that he did not intend to give it to his wife absolutely, but that he only intended to give her a life estate therein, with power of disposal. *Evans v. Folks*, 135 Mo. 397.

It can not be if the testator had intended to give his property to his wife absolutely that he would have said "my property remaining undisposed of at her death," and then have disposed of it, the disposition to take effect after her death as provided for by the will.

Such a construction would make the provisions of the will inconsistent with each other, which, when construed as giving her a life estate only, are perfectly

consistent and in harmony. This we think the only logical construction to be placed upon the provisions of the will.

The views which we have expressed are in accord with the ruling of the court below. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.