PETITION OF FREDERICK W. TILTON *et al.* FOR AN OPINION.

NEWPORT—OCTOBER 6, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)　*Construction of Will.　Life Estate with Power of Disposition.*

A testamentary disposition was as follows : "I give, devise, and bequeath unto my wife all my property, . . . to be by her used and disposed of during her natural life precisely the same as I might do myself were I living ; hereby giving her full power to sell, exchange, invest, and re-invest the same, and to use and consume the principal as well as income thereof at her pleasure, and on sale thereof to execute all needful deeds

for the conveyance thereof." A power of appointment over the estate by will was given the wife :—

*Held,* that the estate given to the wife by will was for life only, with power of disposition, and not an absolute estate.

*Re Will of Henry C. Kimball,* 20 R. I. 619, distinguished.

BILL IN EQUITY for the construction of certain provisions of a will. The facts are fully stated in the opinion. Heard on bill.

MATTESON, C. J. This is a case stated for an opinion of court. The case arises as follows : . Thatcher Thayer, late of Newport, died March 17, 1894. By his will he made provision for his wife, as follows : " Subject to the payment of my just debts and all proper charges against my estate, I give, devise, and bequeath unto my wife, Eliza D. W. Thayer, all my property, whatsoever and wheresoever, belonging to me at my decease, whether acquired before or after the execution of this will, to be by her used and disposed of during her natural life precisely the same as I might do myself were I living ; hereby giving her full power to sell, exchange, invest, and re-invest the same, and to use and consume the principal as well as income thereof at her pleasure, and on sale thereof to execute all needful deeds for the conveyance thereof." Following this provision is a power of appointment over the estate by will, made after the testator's decease, given to the wife, and certain dispositions of the estate in case the wife should not survive the testator, or should survive but leave no will, or should not dispose of the whole of the then remaining property.

Eliza D. W. Thayer, the widow of Thatcher Thayer, died May 26, 1899, leaving a last will and testament executed subsequently to the decease of her husband, but without exercising in it the power of appointment conferred on her by her husband's will, except as to certain articles of furniture.

The petitioners, Frederick W. Tilton and Francis B. Peckham, are the present executors of the will of Thatcher Thayer, and said Peckham is also the sole executor of the will of Eliza D. W. Thayer.

A question as to the construction to be given to the clause in the will of Thatcher Thayer which we have quoted has arisen. On the one hand it is claimed that its effect was to give to his wife a life estate in his property, with power of disposition, and that the estate remaining at her death and not disposed of by her will belongs to the executors of the will of Thatcher Thayer, and should be distributed in accordance with the terms of that instrument. On the other hand it is contended that the effect of the clause was to give an absolute estate in the property to Eliza D. W. Thayer, and that it should be distributed as intestate estate among her next of kin.

The said Tilton and the said Peckham have agreed in stating the foregoing facts and claims for the opinion of the court on the following questions, viz.: (1) Was the estate given to Eliza D. W. Thayer by the will of Thatcher Thayer an estate for life only, with power of disposition, or (2) was the estate so given to her an absolute estate, and were the limitations over, as contained in his will, void?

(1) We think, as contended by counsel for Mr. Tilton, that the intention of Thatcher Thayer was to give his wife a life estate, though with as ample power of disposition as he could confer upon her. If he had intended to give her the property absolutely, it would have been unnecessary to give her specifically power to sell, exchange, invest, and re-invest, and to use and consume the principal as well as the income, and to execute deeds for the conveyance thereof; and the dispositions of the estate on the decease of the wife are consistent only with the taking by her of an estate for life. It is a familiar principle that effect is to be given to the intention of the testator, when ascertained, unless contrary to the established rules of law.

It is contended on the part of the counsel for Mr. Peckham that effect cannot be given to the testator's intention because of the absolute power of disposition given the wife, which renders the limitations over after her death void, and converts the life estate into an absolute ownership. The authorities on this question are in conflict. The question was con-

sidered by this court in *Rhode Island Hospital Trust Co.*
v. *Commercial National Bank*, 14 R. I. 625, in which the
rule was established that when there is a testamentary gift
expressly limited to the donee for life, and a super-added
power given to the donee to sell and appropriate the proceeds,
the power will not enlarge the interest of the first taker into
an absolute interest.    In that case the gift to the first taker
was expressly limited for life, while in the present instance
the gift is not in terms for life; but the testator's intention
is, we think, so clear that Mrs. Thayer was to take a life
estate that we do not regard this difference as material.

*In Re Will of Henry C. Kimball*, 20 R. I. 619, referred to
by counsel, in which the court used the expression "an abso-
lute power of disposition in the first taker renders the limita-
tions over void," the gifts to the first takers were of absolute
estates, and not merely life estates.

We declare our opinion, therefore, to be that the estate
given to Eliza D. W. Thayer by the will of Thatcher Thayer
was of an estate for life only, with power of disposition, and
not an absolute estate.

*Darius Baker and Clark Burdick*, for parties in interest.