[L. A. No. 2745. Department Two.—March 28, 1912.]

C. E. LUSCOMB et al., as Executors and Trustees of the Estate of Charles J. Fox, Deceased, Respondents, v. THEODORE FINTZELBERG et al., Appellants.

ESTATE OF DECEASED PERSON—TRUST CREATED BY WILL—VALIDITY AND SCOPE DETERMINED BY DECREE OF DISTRIBUTION.—It is the duty of the court in probate, upon proceedings for the distribution of a testator's estate, to determine whether or not a valid trust had been created by the will, and to determine and declare in the decree the scope and terms of such trust as it found valid; to select the trustees and to make distribution to them of the trust property, and also to determine what other persons had legal or equitable rights to the distributable property of the estate, and the extent and nature of their interests.

ID.—CONCLUSIVENESS OF DECREE—CANNOT BE IMPEACHED BY RESORT TO WILL.—When the decree of distribution does so determine such matters, although the determination may be incorrect, it is conclusive as to the rights of heirs, legatees, and devisees unless corrected on appeal. It is not subject to collateral attack or to be impeached by resort to the terms of the will, and the rights of the parties must thereafter be determined by a resort to the decree of

distribution alone as a final and conclusive adjudication of the testamentary disposition.

ID.—ESTATE OF FIRST TAKER LIMITED TO LIFE ESTATE—POWER OF DISPOSITION FOR SPECIFIC PURPOSE—LIMITATION OVER—ENLARGEMENT OF ESTATE.—Where by the terms of the decree the estate of the first taker of the property distributed is expressly defined to be a life estate, with a power of disposition annexed, to be exercised for a specific purpose only, with a limitation over, the power of disposition does not enlarge the life estate into a fee or an absolute right of property, and the limitation over is good. This rule applies to dispositions of real as well as personal property.

ID.—DEATH OF LIFE TENANT—WRONGFUL POSSESSION OF PROPERTY BY REPRESENTATIVES — REPRESENTATIVES LIABLE IN INDIVIDUAL CAPACITY.—Upon the death of a life tenant, the property as to which the life estate existed forms no part of his estate and his personal representatives have no right to it in their representative capacity. If such representatives wrongfully take possession of it, an action for its recovery should be brought against them as individuals.

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Luce, Sloane & Luce, and Wright, Schoonover & Winnek, for Appellants.

John B. Mannix, and E. S. Torrance, for Respondents.

LORIGAN, J.—This is an appeal by defendants from a judgment entered against them after a trial of the cause. The only points raised by the appellants are based upon their demurrer to the complaint which was overruled.

The complaint alleged that Charles J. Fox died on September 21, 1898, a resident of San Diego County in this state, leaving a will which was duly admitted to probate and letters testamentary issued to the plaintiffs herein; the said will provided that "After paying all my just debts and liabilities, I bequeath and devise to my beloved wife, Susie Staples Fox, all my property, real and personal, of every description, to have and to hold, sell, lease and otherwise dispose of for her own use and behoof during her life. And my said wife may by will dispose of all household furniture, books, fixtures and other personal belonging, as she may desire, notwithstanding these may have been bequeathed by me. All of my property

remaining at her death shall be distributed as follows": (Here
follows specific legacies of personal property owned by de-
cedent at his death.) It is then provided that: "All the re-
mainder of my property, real and personal, shall be converted
into money as soon as in the judgment of my executors can
be judiciously done, and divided into four equal portions and
distributed as follows: "One portion to the brother of my
said wife before mentioned, residing in San Francisco, Cali-
fornia; one portion to my old friend and former business
associate, Niles Meriwether, residing No. 14 Talbot St., Mem-
phis, Tenn., or his legal heirs; one portion to the children of
my late sisters, to wit: Mrs. James King, Charles F. Clark,
Arthur G. Clark, and William S. Clark, share and share alike;
one portion to my brother, Arthur G. Fox, residing in Mar-
shall, Mich., in trust to be equally divided between his children,
share and share alike." That in due course of administration
all the personal property immediately above referred to and
specifically bequeathed was set apart by the court to the
widow of deceased and thereby withdrawn from administra-
tion; that on December 8, 1899, a decree of distribution was
entered distributing the residue of the estate then remaining
in the hands of the said executors as follows; "To Susie
Staples Fox, the widow of said testator, for the term of her
natural life, with power to sell and convey the same in fee,
as she might see fit, for her own use, and all of said property
remaining at her death to the plaintiffs, C. E. Luscomb and
F. W. Stewart, in trust, to convert the same into money as
soon as in their judgment the same could be advantageously
done, and to divide the proceeds thereof into four equal por-
tions to be paid and distributed by them as follows, to wit:
One of such portions to Alpheus D. Staples, of San Francisco,
California; one of such portions to Niles Meriwether of
Memphis, Tennessee, or his legal heirs; one of such portions
to the children of the late sister of said Charles J. Fox, de-
ceased, to wit: Mrs. James King, Charles F. Clark, Arthur
G. Clark and William S. Clark, share and share alike, and
one of such portions to Arthur G. Fox, brother of said Charles
J. Fox, deceased, in trust to be equally divided between his
children, share and share alike."

The complaint then describes particularly the personal and
real property of the estate (consisting principally of real

property) contained in the decree of distribution, possession of which was delivered to said Susie Staples Fox under said decree on December 9, 1899; that on December 11, 1899, by decree of court the plaintiffs were discharged from their trust as such executors; that on August 29, 1901, said Susie Staples Fox married George S. Watson, who died December 21, 1905; that she died April 2, 1907, leaving a will, which was thereafter duly admitted to probate, the defendants herein being named as her executors, and to whom letters testamentary were duly issued; that on November 6, 1908, by order of court plaintiffs herein were again appointed the executors of the will of said Charles J. Fox, and letters testamentary were again issued to them; that said Susie Staples Fox and Charles J. Fox were married in February, 1897, she being his second wife; that there was no issue of said marriage and neither of them leaving any children; that all the property so distributed as aforesaid was owned by said Charles J. Fox prior to his marriage and was his separate property, his wife having no property when she married him nor any at the time of her death, other than her interest in said residue of her said deceased husband's estate under said decree of distribution; that she was of simple, frugal, and economical habits, and after the death of her said husband, Charles J. Fox, her expenditures for her own use did not exceed the sum of one hundred dollars per month for all proper purposes of her living and comfort up to the time of her decease.

The complaint then proceeds to allege that after she came in possession of said property she converted and transferred nearly all of said residue of said estate and received the avails and proceeds thereof, exceeding in amount the sum of fifty thousand dollars, a large portion of which avails and profits remained unconsumed and unexpended at the time of her death; that defendants on their appointment as executors of her will took possession of all the residue of said estate distributed to her and all such avails and profits which included among other property, the nature of which was unknown to plaintiffs, deposits in various banks, aggregating $7861.50, and three promissory notes for ten thousand dollars each particularly described in the complaint, and which were secured by mortgage; that plaintiffs are entitled to the possession of all the property, avails, and profits of the estate of

Charles J. Fox, deceased, remaining at the time of the death of said Susie Staples Fox Watson which were distributed to her for the term of her natural life, and prior to the bringing of the action demanded of said defendants possession thereof and an accounting respecting such property, and defendants have refused either to deliver said property or account therefor.

The prayer was for a judgment that plaintiffs are entitled to the possession of all the property, avails, and profits of the estate of Charles J. Fox distributed to said Susie Staples Fox for the term of her natural life remaining at the time of her death; that defendants be declared to hold said property, avails, and profits in trust for plaintiffs, and that defendants disclose, account for, and deliver to plaintiffs all of said property, together with the avails and proceeds.

A demurrer, general and special, was interposed by defendants and overruled, and the only points made on this appeal, as we have already stated, are addressed to the correctness of that ruling.

The questions which appellants assert are the principal ones for consideration, in reviewing the ruling on the demurrer, relate to whether a valid trust, or a valid limitation over under the decree of distribution, was created under the will of C. J. Fox. In that regard it is insisted that the trust which the will purported to create was invalid because (following the argument of appellants) in order to constitute a valid trust there must be, among other essentials, a reasonable certainty in the subject-matter of the trust; that the devise of the property is to the widow for life with absolute power of disposal; that the trust attempted to be created applies to the "property remaining at her death," which may be all the property taken by her in the first instance, or a less quantity, or none at all, depending on the use by her of the power of disposition and hence there is no certainty as to the subject-matter of the trust and it is invalid for that reason.

In addition it is claimed—and this is the particular point to which counsel for appellants address themselves—that under the will the widow of deceased is given an absolute power of disposition of the property taken by her, and that notwithstanding the use of the words "for her own use and behoof during her life," such power of absolute disposition given her by the will had the effect of vesting her with an

estate in fee, and the limitation over by way of a devise in trust, or otherwise, is void as repugnant to such estate in fee.

This last point, as we understand the argument of counsel for appellants, is also made under the decree of distribution, the claim being that in legal effect the distribution to her of the property was absolute, and, as to the real property, vested her with an estate in fee.

But as far as these points are addressed to the provisions and terms of the will itself, any construction of that instrument in this action is foreclosed by the decree of distribution, and the rights of the parties must be measured solely by a consideration of that decree.

If it were conceded (which of course it is not) that the construction of the terms of the will for which appellants now contend is the construction which should have been given by the superior court in the distribution of the estate of Fox, the proper and appointed time for the widow to have insisted on a distribution of the property to her absolutely, on the theory that the trust was invalid for uncertainty, or void for repugnancy, was upon the hearing for distribution, and if the construction of the will was adverse to her contention, to have had it corrected on a direct attack on appeal from the decree of distribution.

Under our system it is the province and duty of the superior court in its jurisdiction over the administration of estates to determine on final distribution the "persons and the proportions or parts to which each shall be entitled." (Code Civ. Proc., sec. 1666.) It was necessary, therefore, for the court, as an incident to this duty, to determine whether or not a valid trust had been created by the testator, Fox. It could not make complete distribution unless it passed upon that question. It was equally within the jurisdiction of the court, and its duty, to determine and declare in the decree the scope and terms of such trust as it found valid; to select the trustees and to make distribution to them of the trust property, as well as to determine what other persons had legal or equitable rights to the distributable property of the estate, and the extent and nature of their interests. Having jurisdiction to determine these matters on distribution, when the decree does so determine them, although the determination may be incorrect, it is conclusive as to the rights of heirs, legatees,

and devisees unless corrected on appeal. It is not subject to collateral attack or to be impeached by resort to the terms of the will. The rights of the parties must thereafter be determined by resort to the decree of distribution alone as a final and conclusive adjudication of the testamentary disposition which the deceased made of his property.

This is so well settled by a uniform current of authority as to render further particular discussion unnecessary. (*Estate of Hinckley*, 58 Cal. 457; *Daly* v. *Pennie*, 86 Cal. 552, [21 Am. St. Rep. 61, 25 Pac. 67]; *Morffew* v. *San Francisco & S. R. R. Co.*, 107 Cal. 587, [40 Pac. 810]; *William Hill Co.* v. *Lawler*, 116 Cal. 359, [48 Pac. 323]; *Crew* v. *Pratt*, 119 Cal. 131, [51 Pac. 44]; *Goldtree* v. *Allison*, 119 Cal. 344, [51 Pac. 561]; *Goad* v. *Montgomery*, 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681]; *Estate of Trescony*, 119 Cal. 568, 51 Pac. 951]; *Keating* v. *Smith*, 154 Cal. 186, [97 Pac. 300]; *Taylor* v. *McCowen*, 154 Cal. 798, [99 Pac. 351]; *Estate of Learned*, 156 Cal. 309, [104 Pac. 315]; *Hardy* v. *Mayhew*, 158 Cal. 95, [139 Am. St. Rep. 73, 110 Pac. 113].)

Under these authorities the appellants are precluded from making an attack on the decree of distribution. It is conclusive on the validity of the trust and that the widow was entitled to take the property distributed to her for use only during her life. In most of the cases cited the attack was just such a one as appellants here attempt to make. It was insisted that certain trusts declared in the will were invalid for various reasons and should have been disregarded in the distribution of the estates and were to be disregarded notwithstanding their validity was established by the decree, and, necessarily, it was sought to impeach the decree of distribution by resort to the will. In some of the cases it was conceded that the trusts created by the will were invalid, but it appeared that distribution had been made upon the theory that they were valid. In all of them, however, as the decree of distribution had become final, it was held that the validity of the trust, the power of the trustees, and the extent of their title was conclusively determined by the decree of distribution, and not subject to collateral attack by resort to the will.

The only case relied on by appellants in support of their claim is *McCloud* v. *Hewlett*, 135 Cal. 361, [67 Pac. 333]. But this decides nothing in conflict with the authorities cited

above, nor does it question the correctness of the doctrine announced in them. In the case cited the decree of distribution entirely failed to state the purpose of the trust, which is one of the essentials to a valid trust, and resort being had to the will in aid of the decree, as might be done, (*Goad* v. *Montgomery,* 119 Cal. 552, [63 Am. St. Rep. 145, 51 Pac. 681]), it was found that the will itself created no trust; hence the decree of distribution, in as far as it attempted to raise a trust, was a nullity. Here, however, the decree on its face declares a trust valid as to its purpose and certain and definite in its terms, and, hence, is conclusive against any attempt to resort to the will to impeach or disturb the decree in that respect.

As to the point that in legal effect, under the decree of distribution, absolute title to the property was vested in the widow. The doctrine under which appellants assert this claim and seek to have it applied to the decree of distribution, is that where a devise (using this term as applied to the decree of distribution) is accompanied by an unlimited power of disposal of an estate given to the devisee, to be exercised in any manner the devisee may see fit, a limitation over is void, as being repugnant to the principal devise, which by virtue of the absolute power of disposition vested in the devisee the estate absolutely.

Numerous cases are relied on by appellant in support of this doctrine, but they need not be cited, nor even particularly discussed, because that rule and the authorities apply to a devise cast in very different terms from the devise we are considering here.

In many of the cases relied on there was a general devise of the estate to the first taker, with an absolute power of disposal and a limitation over, and it was held that the limitation over was repugnant to the general devise and void. In others there was language used by the testator which might indicate an intent to create a life estate, but as there was an absolute power of disposition given and no limitation over, it was held that the devisee took the estate in fee. In some (clearly not applicable) the devise to the first taker was absolute in terms, followed by trust provisions of a precatory nature, or by words of recommendation, or desire as to contingent remainders.

In none of the cases cited, as we construe them, is it held, where the estate of the first taker is in terms expressly defined to be a life estate, with a power of disposition annexed, to be exercised for a specific purpose only, with a limitation over, that the power of disposition, enlarges the life estate into a fee.

Here there is no general devise to the widow, nor any language indefinite or indeterminate as to the quantity of estate she took. By the express terms of the decree it is defined to be an estate for life. While she is given a power of disposition of the property in fee, it is not a power of disposition with an unqualified right to the use of the proceeds for any and all purposes, but for the particular purpose that the proceeds may be devoted by her "for her own use"; such use meaning, of course, personal use by her for her support, comfort, and maintenance during life. There is also an express limitation over of "all of said property remaining at her death."

The authorities are uniform to the effect that where such are the terms of a devise—a life estate only being expressly given to the first taker, with power of disposition of the property for a certain purpose, with a devise over—the life estate is not enlarged into either a fee or an absolute right of property, and a limitation over will be good.

In the case of *Hardy* v. *Mayhew*, 158 Cal. 95, [139 Am. St. Rep. 73, 110 Pac. 113], which involved the construction of the terms of a decree of distribution in several respects similar to that involved here, it is said: "The distinction between the case of an intended gift of an absolute title to one with an attempted gift over of simply 'what remains unexpended' by the donee at the time of his death, where the gift over is void because in derogation of the absolute fee given the first taker, and the case of a gift of a life estate with a power of disposition for a particular purpose only, with an express gift over of what remains unused for such purpose, is recognized by all the authorities." After citing and quoting from authorities, the court proceeds as follows: "It appears to be settled by the overwhelming weight of authority that the mere fact that the first taker is invested with the power to dispose of or consume the whole of the property for certain purposes does not invest him with absolute ownership thereof and render the gift over

void, where taking the whole instrument together it is concluded that the intent was to give only an estate for life, with limited power of disposal or consumption."

Counsel for appellants claim that in considering the validity of a devise over, a distinction is to be made between a devise which gives the use and disposition during life of personal property only, as in *Hardy* v. *Mayhew,* and the devise here, which applies to real property in which a life estate is given with power of disposition of the fee.

We are referred to no authority by counsel which makes any such distinction. On the contrary, it is said in 2 Underhill on Wills, section 687: "If it is clearly apparent that the testator intended that he (the life tenant) should take only a life estate, and the property is to be used for his support and maintenance, his interest, at least where real property is concerned, will be confined to that, though he will have power of disposition over the fee and a right to use the proceeds during his life for his support or for other purposes intended by the testator." (Also 4 Kent's Commentaries, 18th ed., p. 371.)

No such distinction either is made in the following cases, among numerous others which might be cited, sustaining the validity of a devise over of the remainder of the estate devised after the death of the first taker who is given a life interest and a life estate in both personal and real property, with full power of disposition thereof during life for his personal comfort, maintenance, and support: *Douglass* v. *Sharp,* 52 Ark. 113, [12 S. W. 202]; *Steiff* v. *Seibert,* 128 Iowa 746, [6 L. R. A. (N. S.) 1186, 105 N. W. 328]; *Hamlin* v. *U. S. Express Co.,* 107 Ill. 443; *McCullough Adm'r* v. *Anderson,* 90 Ky. 126, [7 L. R. A. 836, 13 S. W. 353]; *Pennock* v. *Pennock,* L. R. 13 Eq. 144; *Herring* v. *Barrow,* L. R. 13 Ch. Div. 144; *Richards* v. *Morrison,* 101 Me. 424, [64 Atl. 768]; *Welsh* v. *Woodbury,* 144 Mass. 542, [11 N. E. 762]; *McMillan* v. *Farrow,* 141 Mo. 55, [41 S. W. 890]; *Parker* v. *Travers,* 74 N. J. Eq. 812, [71 Atl. 612]; *Terry* v. *St. Stephens etc.,* 79 App. Div. 527, [81 N. Y. Supp. 119]; *Kennedy* v. *Kennedy,* 159 Pa. St. 327, [28 Atl. 241]; *In re Tilton,* 21 R. I. 426, [44 Atl. 223].

It is insisted further in this action that the defendants as they hold the property as executors of the estate of Mrs. Fox Watson, should have been sued as such and not as individuals.

But the property remaining on her death constituted no part of her estate. She had no interest therein which she could dispose of by will or to which her heirs would have succeeded in case she had died intestate. She had but a life estate in the property, with power of disposition for a specific purpose,—namely, "for her own use." Immediately on her death all that remained of the property, whether in the specific form in which it had been distributed to her, or in any changed condition, the result of sale, exchange, investment, or the like, with the increase, accumulations, and profits, plaintiffs were immediately entitled to have possession of, and to maintain an action to recover it from the defendants. While the latter were the executors of the will of Mrs. Fox and on her death took possession of the property here involved, it was their duty on demand of the plaintiffs, to deliver it to them. It was not property of the estate of their testatrix, nor as her personal representatives were they entitled to hold it, and the suit was properly brought against them in their individual capacities. The general rule is thus stated in 18 Cyc. 884: "If a personal representative takes property not belonging to the estate, he has no right to it in his representative capacity. His refusal to restore it to the rightful owner renders him individually liable, and he cannot be sued in his representative capacity for his individual tort. A personal representative is liable in his individual capacity, even though the property has passed from the possession of the decedent into his possession."

"Property which the testatrix in her lifetime held in trust, or in which she had merely a life-interest, are not assets of her estate, and no act of her executor as to such property will render him or his sureties liable upon his bond." (*Probate Court* v. *Williams,* 30 R. I. 144, [19 Ann. Cas. 554, 73 Atl. 388; *In re Stuart's Will,* 115 Wis. 294, [91 N. W. 688]; *Nickals* v. *Stanley,* 146 Cal. 724, [81 Pac. 117]; *Hardy* v. *Mayhew,* 158 Cal. 95, [139 Am. St. Rep. 73, 110 Pac. 113].)

Several other objections were raised by special demurrer, relating principally to defect in parties defendant, nonjoinder or misjoinder of parties. We do not think these points have any merit, and hence do not discuss them.

The judgment appealed from is affirmed.

Henshaw, J., and Melvin, J., concurred.