[L. A. No. 16693. In Bank.—February 9, 1939.]

FLORENCE LORD et al., Appellants, v. LILLIE M. ATCHISON, as Executrix, etc., Respondent.

Bernard B. Laven for Appellants.

George D. Howland for Respondent.

WASTE, C. J.—The sole question presented by this appeal is whether in terminating a life estate in real and personal property, the trial court awarded plaintiffs the full interest to which they are entitled as remaindermen.

The life estate was created by the will of Michael Cristler for the benefit of his widow, with remainder to certain nieces and nephews, these plaintiffs. Michael Cristler died on June 2, 1919; his widow on August 23, 1935. During these sixteen years the widow commingled and handled with her own property, the property in which she had only a life estate, and such usage led to the present disputation. Plaintiffs brought this action after the death of the widow, against her executrix, praying that the life estate be terminated and that the extent of the remainder interest be determined. The findings and decree of the trial court in effect sustained the contentions of defendant executrix, and awarded plaintiffs less property than they claimed. Plaintiffs therefore appealed from the decree, and the cause is now before this court on motion of defendant to dismiss the appeal or affirm the decree, and also on the merits.

The Cristlers were married in Kansas in 1874. They came to California in 1892, and established a permanent residence in Los Angeles, where Michael Cristler died testate in 1919. His will, after declaring that all of his estate was community property, that he was not attempting to dispose of his wife's one-half interest therein, but was disposing only of his own interest, provided: "To my beloved wife,

Lucy C. Cristler, I give, devise and bequeath all of my said property, to have and to hold for and during her natural life, (with remainder over to my nephews and nieces as herein provided); with full power to sell, dispose of, convey, change the character thereof, alter, improve, or re-invest in any form that she may see fit, without order of Court; and I do hereby direct that no order of Court shall be necessary for any of the above purposes at any time. And I do hereby give, devise and bequeath to my said wife, all the rents, issues and profits arising from said property during her natural life. And I do hereby further give, devise and bequeath to my said wife, such parts and parcels of said property hereinbefore given to her as a life estate, as she may at any time need; she to be the sole judge, without the right of any one to dispute or question as to whether or not she needs such parts or parcels; with full power to sell and dispose of, without order of Court, and to use the proceeds thereof as she may see fit, and she shall not be held to account therefor to any one. . . . ''

This will was duly admitted to probate, and a final decree of distribution was entered declaring that the entire estate was community property, and distributing it pursuant to the terms of the will. There thus passed into the widow's possession all of the community property of herself and her deceased husband, an undivided one-half of which she possessed in her own right, and the other half of which she took for life under the terms of the probate decree. During her remaining years she handled and used all of this property as a unit, making no effort at any time to segregate the two estates. She died testate in Los Angeles on August 23, 1935, bequeathing all of her property to certain of her own nieces and nephews, one of whom is defendant executrix, but by her will she expressly directed that the provisions and intentions of her husband's will should be fully and fairly complied with.

The estimated value of the community property as inventoried in the husband's estate, and as distributed to the widow, was in excess of $33,000. Of this sum $2,563.65 was in cash; ten items of personal property were valued at about $14,800; and two parcels of real property at $16,000. The two parcels of real property, so the evidence shows, were preserved intact by the widow, but she transmitted many of the items of personal property, and consumed some. By

saving the rents, issues, and profits of the property as a whole, and by other transactions, she accumulated a considerable sum, which stood to her credit in various bank accounts at the time of her death. The inventory of her estate showed over $23,000 in cash, some items of personal property, the two parcels of real property from the husband's estate, and a third parcel of real property which had been acquired in part with some of the former community assets.

The decree entered by the trial court awarded to appellants an undivided one-half interest in the two parcels of real property, an undivided 5/23ds interest in the third parcel, and $908, rentals thereof collected by defendant executrix from the date of the widow's death. Appellants challenge the correctness of this award, and contend that the evidence is insufficient to support the findings upon which it is based. Among other things, they claim that they are entitled to an undivided one-half interest in the third parcel of real property, rather than only a 5/23ds interest, and that they are also entitled to certain personal property.

So far as the division of the real property is concerned, the evidence furnishes ample support for the findings and decree. The third parcel was acquired in part with former community assets, and the 5/23ds interest is the equivalent of an undivided one-half of those assets.

With respect to the personal property, however, the record is somewhat confused. Certain items are referred to which were not listed in the inventory of the husband's estate. Whether the court was of the view that they were never a part of the former community property, or whether appellants' right to some of them was conceded and they were actually surrendered by defendant prior to trial of this cause, does not clearly appear. Defendant's answer alleged that in so far as appellants "could agree upon the parts that should be delivered to them and they were willing to accept, delivery by this defendant has been made". This delivery is not shown by the evidence, but neither is it denied. Although there is no express reference to the allegation in the findings, they do declare it to be untrue that the estate of the deceased husband "now consists" of any other property than the interests in realty awarded to appellants. In short, so far as can be ascertained from the record, substantially all of the former community property has been accounted for,

and an undivided one-half of that portion, or the transmutation thereof, which remained unconsumed at the death of the widow, has been given to appellants. The additional assets in the hands of the executrix were not traced to the husband's estate, and the evidence affords sufficient support for the conclusion that appellants are not entitled to any portion of them. Indeed, appellants' claim to them is not asserted with convincing urgency. It is advanced in a meager supplemental brief, filed in the face of the following comment found in the opening brief under the heading ''Limits of Appeal'': ''During the trial, plaintiffs made certain contentions . . . Many of these contentions were not sustained by Judge Gould, and, to the extent that they are not now maintained by appellants in this appeal, they may be deemed abandoned.''

The main contention of appellants may best be stated in their own language: ''In substance, what appellants contend for is that the estate Mrs. Cristler received under her husband's will was community property; that at the time of his death she had no separate property of her own; that what she had left at the time of her own death was still, essentially, the old community property in one form or another, and that at her death her life estate in it terminated, leaving plaintiffs vested with their share or interest in it, and entitled to have all of said share or interest decreed to them.'' This statement overlooks two factors: First, that the widow was given power to use and consume the principal of the life estate, and second, that she was also given the absolute ownership of the income of the property.

The provisions of the husband's will to this effect were carried into the decree of final distribution of his estate, which was couched in the precise language of the will. It decreed that all of the property was community property of the deceased and his widow. It declared the widow's right to her undivided one-half interest in that property, and distributed it to her. It also distributed the other one-half (including all property, whether described or not) to her ''to have and to hold for and during her natural life . . . '' (following the language of the will). It also provided: ''To said Lucy C. Cristler an absolute and entire interest in all the rents, issues and profits arising from said property during her natural life. . . . ''

This decree constituted a final and conclusive adjudication of the testamentary disposition made by the deceased husband of his property, a judicial construction of the will, and it has become the measure of the rights of the parties herein. (*Luscomb* v. *Fintzelberg,* 162 Cal. 433 [123 Pac. 247], and cases therein cited; see, also, 11B Cal. Jur., p. 796 et seq., par. 1296.) ■ The type of estate decreed to the widow, a life estate with power to use and consume part or all of the principal for specified purposes, and a devise over of the remainder, has long been recognized in this jurisdiction. (*Estate of Rath,* 10 Cal. (2d) 399, cases cited at p. 404 [75 Pac. (2d) 509, 115 A. L. R. 836]; *Colburn* v. *Burlingame,* 190 Cal. 697 [214 Pac. 226]; *Luscomb* v. *Fintzelberg, supra; In re Garrity,* 108 Cal. 463 [38 Pac. 628, 41 Pac. 485].)

■ Likewise valid is the provision giving the widow the absolute ownership of the rents, issues, and profits of the property. In this connection appellants concede that the widow was entitled to receive and use the income during her lifetime, but they contend that the accumulation of that income which existed at her death was subject to their remainder interest. The decree of final distribution is not susceptible of such a construction. If it had provided that the widow was entitled to an "absolute and entire interest during her life in all rents . . . ", there might be force to appellants' argument, but what it actually gave the widow was an "absolute and entire interest in all rents, issues and profits . . . arising during her natural life". This was a conclusive adjudication that all rents, issues, profits, or income thereafter accruing to any portion of the husband's estate should become the sole and separate property of the widow, subject to her testamentary disposition.

■ Appellants urge that because the widow commingled the properties, the burden was upon her executrix either to prove what items were exempt from the remainder interest or else to give the remaindermen one-half of the entire assets of which the widow died possessed, upon the presumption that they represented former community property, or transmutations thereof. It is sufficient for present purposes to note, without declaring the extent of the burden resting upon the plaintiffs or upon the defendant in a case of this character, that the testimony which was introduced by appellants themselves is ample to support the findings. When the com-

munity property passed into the possession of the widow at the time of her husband's death, an undivided one-half becoming her own property and the other half being devised to her for the period of her life, the two estates were already commingled, and the assets were received as a unit. Although the widow made no attempt to segregate or divide the property, it is clear that she is not chargeable with deliberate commingling. She kept a fairly complete written record of all of her transactions, expenditures, and accumulations. This data was presented by appellants and received in evidence upon the trial of this cause. Appellants also introduced the record of the proceedings had on the probate of the husband's estate. Bank statements of the widow's various accounts were also placed in evidence. In this volume of records and accounts practically every item of former community property inventoried in the husband's estate was accounted for, and appellants have been given the substantial equivalent of an undivided one-half of what remained, at the date of the widow's death, of those former community assets. The court's conclusion that other property possessed by the widow was not former community property (including the transmutations but excluding the rents, issues, and profits thereof), has sufficient support in the evidence and will not be disturbed.

The judgment is affirmed.

Curtis, J., Shenk, J., Seawell, J., Edmonds, J., Langdon, J., and Houser, J., concurred.

Rehearing denied.